Filed 6/29/15  P. v. Hampton CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIE HAMPTON, JR.,<br><br>    Defendant and Appellant. | E062339<br><br>(Super.Ct.No. FMB1400257)<br><br>**ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING**<br>[NO CHANGE IN JUDGMENT] |

The petition for rehearing is denied.  The opinion filed in this matter on June 4, 2015, is modified as follows:

Delete the following portion of the second full paragraph of page 3, beginning with "To the extent," continuing through and ending with "priors were dismissed" on page 4.  Replace it with the following:

Penal Code section 1170.18 requires a defendant claiming eligibility for resentencing under Proposition 47 either to file a petition for recall of sentence in the trial court, or to file an application for resentencing with the trial court, in the first instance.

1

Proposition 47 does not allow an appellate court directly to reduce felonies to misdemeanors in the absence of the appropriate petition or application in the trial court. (*People v. Shabazz* (2015) 237 Cal.App.4th 303.)

Except for this modification, the opinion remains unchanged. This modification does not effect a change in the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


RAMIREZ
P. J.


KING
J.

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062339 |
| v. | (Super.Ct.No. FMB1400257) |
| WILLIE HAMPTON, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Rodney A. Cortez, Judge. Affirmed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Willie Hampton, Jr., filed a notice of appeal after he entered a guilty plea to second degree commercial burglary. We affirm the judgment.

1

FACTS AND PROCEDURAL HISTORY

The complaint charged defendant with one count of second degree commercial burglary, and one count of receiving stolen property, occurring on April 22, 2014. The charges apparently arose when defendant entered a Wal-Mart store and stole a television set. The complaint also alleged that defendant had two prior strike convictions (burglary and criminal threats), and had suffered one prison term prior (the criminal threats conviction).

Before the preliminary hearing, defendant agreed to plead guilty to second degree burglary. He would be sentenced to the aggravated term of three years in state prison. In exchange, the remaining count and the special allegations would be dismissed. Counsel stipulated that the court could treat the complaint as an information. Defendant pleaded guilty to second degree burglary, and all remaining allegations were dismissed. Defendant requested immediate sentencing; the court imposed the agreed-upon sentence of three years. The court also imposed various fines and assessments, and awarded defendant certain conduct credits.

Defendant filed a notice of appeal, asserting that he wanted to raise grounds arising after the plea, and not affecting the validity of the plea. (Citing Cal. Rules of Court, rule 8.304(b).) Defendant's notice of appeal requested that he be resentenced under Penal Code section 1170.18, enacted by the voters as Proposition 47 in November 2014, effective as of November 5, 2014. Proposition 47, the "Safe Neighborhoods and Schools Act," reclassified certain drug and theft offenses as misdemeanors, rather than

2

felonies or "wobblers." It provides a mechanism for persons sentenced as felons for the reclassified offenses to petition to have their sentences reduced and the offenses designated as misdemeanors. Defendant requested reduction of his second degree burglary offense to a misdemeanor, under Proposition 47.

### ANALYSIS

Pursuant to a request in defendant's notice of appeal, counsel has been appointed to represent him. Counsel has filed a brief under authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a brief statement of the case and summary of the facts. Counsel has identified one potentially arguable issue: whether the sentence agreed to in the plea bargain was proper. Counsel has asked the court to undertake a review of the entire record.

We have offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the whole record, and we find no arguable issues. To the extent defendant urges that he was eligible for resentencing under Proposition 47, he is mistaken. Proposition 47 applies to defendants who have been convicted of violations of Health and Safety Code sections 11350, 11357, or 11337 or Penal Code sections 459.5, 473, 476a, 490.2, 496 or 666. (Pen. Code, § 1170.18, subd. (a).) Defendant here has no such convictions. Otherwise, he received the benefit

3

of his plea-bargained sentence:  three years in state prison.  Under the agreement, he was spared treatment as a second or third striker when his strike priors were dismissed.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER<br>J.

We concur:


RAMIREZ
   P. J.


KING
   J.

4