Filed 10/14/15  P. v. Clay CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B262654 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA075790) |
| v. | |
| ROY DYCRUS CLAY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Elden S. Fox, Judge.  Affirmed.

Roy Dycrus Clay, in pro. per.; Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

After waiving his right to a preliminary hearing, on March 9, 2011 Roy Dycrus Clay entered an open guilty plea to one count of second degree burglary (Pen. Code, § 459)[1] and two counts of grand theft of personal property (§ 487, subd. (a)) and admitted having suffered two prior serious or violent felony convictions within the meaning of the three strikes law (§§ 667, subds. (b)-(i); 1170.12) and having served numerous prior prison terms for felonies within the meaning of section 667.5, subdivision (b). The court sentenced Clay as a second strike offender to an aggregate state prison term of nine years eight months for burglary and one count of grand theft of personal property to be served concurrently with a four-year sentence imposed in another case. The court stayed sentence on the second grand theft of personal property count pursuant to section 654 and dismissed the remaining prior strike conviction and all prior prison term enhancements.

On December 2, 2014 Clay filed a petition seeking to reduce his felony convictions to misdemeanors under Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18).[2] The trial court denied the petition, finding Clay was not eligible for resentencing under Proposition 47 because "the offenses related to a burglary of a

---

[1]    Statutory references are to this code.

[2]    On November 4, 2014 California voters approved Proposition 47, "the Safe Neighborhoods and Schools Act." In brief, Proposition 47: (1) requires a misdemeanor sentence instead of a felony sentence for certain drug possession offenses; (2) requires a misdemeanor sentence instead of a felony sentence for the crimes of petty theft, receiving stolen property and forging/writing bad checks when the amount involved is $950 or less; (3) allows a felony sentence (excluding a defendant from a misdemeanor sentence) for the specified crimes if a defendant has prior conviction listed under section 667, subdivision (e)(2)(C)(iv), or a prior conviction for an offense requiring sex offender registration under section 290; and (4) requires resentencing for defendants serving felony sentences for the specified crimes unless the trial court finds an unreasonable public safety risk. (See *People v.Shabazz* (2015) 237 Cal.App.4th 303, 308 & fn. 2.) The initiative became effective on November 5, 2014.

subterranean garage and two motor vehicles.  In addition[] the losses in each of these events exceeded $950."  Clay filed a timely notice of appeal.

We appointed counsel to represent Clay on appeal.  After examination of the record, counsel filed an opening brief in which no issues were raised.  On June 3, 2015 we advised Clay he had 30 days within which to submit any contentions or issues he wished us to consider.  On August 7, 2015 Clay filed a three-page hand-printed document with attached exhibits that asked whether he could raise certain challenges on appeal. We deem this request a supplemental brief.  The issues Clay attempts to raise were either addressed in his earlier appeal (*People v. Clay* (Mar. 16, 2015, B255384) [nonpub. opn.]) and found to have no merit or are beyond the scope of this appeal.

We have examined the entire record and are satisfied Clays's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The order is affirmed.


PERLUSS, P. J.


We concur:


ZELON, J.


SEGAL, J.