Filed 11/2/15  P. v. Young CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANDREW B. YOUNG,<br><br>    Defendant and Appellant. | G051182<br><br>(Super. Ct. No. 14WF3421)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Richard M. King, Judge.  Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Marilyn L. George and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Andrew B. Young appeals from a conviction on four counts following a plea bargain. All were related to the possession and sale of controlled substances.[1] One count was for simple possession of heroin (Health & Saf. Code, § 11350). He was sentenced to a two-year prison term pursuant to the plea agreement, which included a concurrent two-year term on the possession count.

On appeal, he argues we should reduce the simple possession count to a misdemeanor pursuant to Penal Code section 1170.18.[2] We decline to do so because defendant is required to seek such relief in the trial court. Defendant may file the appropriate petition in the trial court.

He also asserts a $150 drug program fee imposed by the court was improper. We disagree and affirm.

I

FACTS AND PROCEDURAL HISTORY

The facts are not particularly relevant to the issues on appeal. Suffice to say a police officer searched a hotel room that defendant and his codefendant were sharing, and found both drugs and drug paraphernalia.

After the plea bargain was accepted by the court, defendant sought a certificate of probable cause to appeal. The trial court denied the application. Defendant now appeals.

---

[1] It was further alleged that defendant had two prior prison terms and a conviction for a serious or violent felony.

[2] Subsequent statutory references are to the Penal Code unless otherwise indicated.

2

II

DISCUSSION

Defendant argues we have jurisdiction to hear this appeal as not challenging the validity of the plea, but only addressing postplea matters. (See *People v. Mendez* (1999) 19 Cal.4th 1084, 1096.) The Attorney General does not dispute this contention. We agree that jurisdiction is proper, because as to the first issue, defendant is asking us to reduce a felony count to a misdemeanor and resentence him accordingly. Jurisdiction is proper on the second issue of whether a fee was properly imposed.

*Reduction of Simple Possession Count to Misdemeanor*

Defendant's guilty plea was entered on October 23, 2014, less than a month before the voters enacted Proposition 47, codified as section 1170.18. This law allows those convicted of a reclassified offense prior to November 5, 2014 to petition for a reduction of their conviction from a felony to a misdemeanor. (§ 1170.18.)

Defendant did not file a petition in the trial court. He argues this court can decide the issue for the first time on appeal. He is incorrect. "The plain meaning of the language in section 1170.18 is this—the voters never intended that Proposition 47 would automatically apply to allow us to reduce defendant's two felonies to misdemeanors. Rather, the voters set forth specific procedures for securing the lesser punishment to eligible persons such as defendant. These are the sole remedies available under Proposition 47 for an accused sentenced prior to its effective date. For a convicted felon who has served his or her sentence, the electors specified an application must be filed pursuant to section 1170.18, subdivision (f). Section 1170.18, subdivision (f) requires that an application be filed and resolved in the trial court. In other words, Proposition 47 does not apply retroactively so as to permit us to modify the judgment and then direct that, upon remittitur issuance, defendant's convictions be designated misdemeanors. Defendant is limited to the statutory remedy set forth in section 1170.18, subdivision (f).

3

He must file an application in the trial court to have his felony convictions designated misdemeanors." (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 313-314; see also *People v. Noyan* (2014) 232 Cal.App.4th 657, 672.)

Thus, we decline defendant's request to reduce the simple possession count to a misdemeanor. He may file the appropriate petition in the trial court.

*$150 Fine*

Defendant next argues that a $150 drug program fee imposed under Health and Safety Code section 11372.7 is improperly listed in the minute order because it was not orally pronounced by the court, nor was a hearing held on his ability to pay.

While a minute order cannot impose a fee the trial court did not pronounce (*People v. Zackery* (2007) 147 Cal.App.4th 380, 387), defendant misses the fact that he agreed to pay this fee as a part of his guilty plea. His agreement waives any issue as to his ability to pay. Defendant also acknowledged his signature on the plea form in court, and averred that he had read, understood and initialed each provision and discussed them with his attorney. He did not inquire about or object to the $150 fee.

The court then ordered him to "comply and perform all of the duties and responsibilities that are set forth [in] the advisement and waiver of rights for a felony guilty plea." One of those was the conditions required him to pay the $150 drug program fee.

In *People v. Zackery, supra,* 147 Cal.App.4th 380, by way of contrast, the defendant never changed his not guilty plea to guilty on one of the counts. (*Id.* at p. 385.) Thus, the minute order, which reflected the defendant did plead guilty (*ibid.*), contained a substantive difference from the actual court proceedings. That is not the case here. The record reflects defendant specifically agreed to pay the $150 drug program fee. The court ordered defendant to comply with everything he had agreed to and acknowledged in

4

writing, including the fee. Therefore, the fee was properly imposed and including the fee in the minute order was not error.


## III

## DISPOSITION

The judgment is affirmed without prejudice to defendant's ability to file a petition pursuant to section 1170.18 in the trial court.



MOORE, ACTING P. J.

WE CONCUR:


ARONSON, J.


THOMPSON, J.


5