Filed 11/12/15  P. v. Rells CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B264020 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA034242-01) |
| v. | |
| JUANCHO LOPEZ RELLS, | |
| Defendant and Appellant. | |

APPEAL from judgment of the Superior Court of Los Angeles County, Michael A. Cowell, Judge.  Affirmed.

Tyrone A. Sandoval, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On July 16, 1997, defendant Juancho Lopez Rells was convicted of second-degree burglary and three counts of first-degree murder under a felony-murder theory after he attempted to pass a fraudulent check to purchase a watch valued around $600 and subsequently led the police on a high-speed pursuit, during which he killed a family of three after he ran a red light and collided with the family's car. (See *People v. Rells* (2000) 22 Cal.4th 860, 862-864.) On April 3, 2015, Rells filed a petition requesting resentencing of his burglary and murder convictions under the Safe Neighborhoods and Schools Act (Proposition 47) (Pen. Code, § 1170.18). On April 22, 2015, the trial court denied Rells' petition, finding that he was ineligible for resentencing because he had suffered a prior conviction for murder. (See Pen. Code, § 1170.18, subd. (i).) Rells timely appealed the court's denial of his petition.

We appointed counsel to represent Rells on appeal. After examining the record, Rells' counsel filed an opening brief under *People v. Wende* (1979) 25 Cal.3d 436, identifying no arguable issues and requesting this court to conduct an independent review of the record. On September 14, 2015, we notified Rells he had 30 days to submit in writing any issues or contentions he wanted us to consider. Rells did not file a response.

California voters passed Proposition 47 to " 'ensure that prison spending is focused on violent and serious offenses . . . [and] to maximize alternatives for nonserious, nonviolent crime.' " (*People v. Perez* (2015) 239 Cal.App.4th 24, 28.) To further this purpose, Proposition 47 reduced certain nonviolent drug and theft offenses from straight felonies or wobblers to misdemeanors. (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308 (*Shabazz*).) A person currently serving a prison sentence for a felony conviction that would have been a misdemeanor under Proposition 47 had the act been in effect at the time the crime was committed may petition the trial court for a reduction of that sentence. (Pen. Code, § 1170.18, subd. (a); see also *Shabazz*, *supra*, 237 Cal.App.4th at p. 308, fn. 2.) That person is ineligible for resentencing, however, if he has suffered a prior "super strike" conviction. (See Pen. Code, §§ 1170.18, subd. (i) & § 667, subd. (e)(1)(C)(iv); see also *People v. Delapena* (2015) 238 Cal.App.4th 1414,

1422-1423 & fn 1.) Among other crimes, murder is a disqualifying "super strike" conviction. (See Pen. Code, §§ 1170.18, subd. (i); 667, subd. (e)(1)(C)(iv); & 667.5, subd. (c)(1).) If the petitioner is serving a prison sentence for an offense eligible for resentencing under Proposition 47 and has not suffered a disqualifying prior conviction, the trial court shall resentence the petitioner to a misdemeanor on the eligible offense unless the court, in its discretion, finds reduction of the petitioner's sentence would pose "an unreasonable risk of danger to public safety." (See Pen. Code, § 1170.18, subd. (b).)

Rells is not eligible to have his sentences reduced under Proposition 47. He cannot obtain a reduction of his sentence for murder because that crime clearly is not an offense eligible for resentencing under Proposition 47. (See *Shabazz*, *supra*, 237 Cal.App.4th at p. 308 ["The electorate's stated purpose and intent was to: '(1) Ensure that people convicted of murder, rape, and child molestation will not benefit from [Proposition 47]' "]; see also Pen. Code, § 1170.18, subds. (a) & (b) [listing the non-violent theft and drug crimes eligible for resentencing].) Indeed, as noted, murder is a disqualifying offense under Proposition 47. (See Pen. Code, §§ 1170.18, subd. (i) & 667, subd. (e)(1)(C)(iv).) Thus, as a consequence of his murder conviction, Rells is also ineligible for a reduction of his sentence for second-degree burglary.

We have reviewed the entire record and are satisfied Rells' counsel has fully complied with his responsibilities as counsel and no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 119.)

*DISPOSITION*

The judgment is affirmed.


*NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*



LAVIN, J.

WE CONCUR:




EDMON, P. J.




JONES, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.