Filed: 6/1/15

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B255297 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA418152) |
| v. | |
| LENNAL KHABIR SHABAZZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Edmund Willcox Clarke, Jr., Judge. Affirmed as modified.

Sylvia Ronnau, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*] Pursuant to California Rules of Court, rules 8.1100(b) and 8.1110, this opinion is certified for publication with the exception of parts II (A), II (C) and their headings.

# I. INTRODUCTION

Defendant, Lennal Khabir Shabazz, appeals after pleading no contest to two felonies, methamphetamine possession (Health & Saf. Code, § 11377, subd. (a)) and receiving stolen property (Pen. Code,[1] § 496, subd. (a)). The trial court issued a probable cause certificate. He pled no contest on March 21, 2014. On the same date, defendant was sentenced to two years in the county jail. No mandatory supervision was imposed. Defendant received credit for 272 days in presentence custody. He completed his sentence on September 24, 2014.

In the published portion of this opinion, we discuss whether we are required to reduce defendant's two felony convictions to misdemeanors. After defendant completed his sentence, on November 4, 2014, the voters approved Proposition 47. (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014).) As we will explain, defendant, if he files an application in the trial court, is potentially entitled to have his felony convictions reduced to misdemeanors provided he does not have a disqualifying prior conviction. (§ 1170.18, subds. (f)-(h).) At issue is whether we can order the reduction of his felony convictions to misdemeanors. For the reasons we explain, we cannot because the voters have expressly required he file an application in the trial court to reduce his felony convictions to misdemeanors. In the unpublished portion of this opinion, we modify the

---

[1] Further statutory references are to the Penal Code except where otherwise noted.

judgment to include a mandatory $50 criminal laboratory analysis fee together with $155 in penalties and a surcharge. We affirm the judgment as modified.

[Part II (A) is deleted from publication. See *post* at page 4 where publication is to resume.]

## II. DISCUSSION

### A. Initial Briefing Order

We appointed counsel to represent defendant on appeal. After reviewing the record, appointed appellate counsel filed an opening brief in which no issues were raised. Instead, appointed appellate counsel requested we independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284.) On September 19, 2014, we advised defendant that he had 30 days within which to personally submit any contentions or arguments he wished us to consider. Also on September 19, 2014, defendant filed an objection to the *Wende* brief. However, defendant's letter brief did not raise any cognizable claim. No further response has been received from defendant. We have examined the entire record and are satisfied appointed appellate counsel has now fully complied with her responsibilities.

B. Proposition 47

We asked the parties to brief the question whether we must designate defendant's convictions misdemeanors rather than felonies or take some other action. As noted above, defendant was convicted of *felony* violations of section 496, subdivision (a) and Health and Safety Code, section 11377, subdivision (a). However, on November 4, 2014, after defendant was sentenced, after he had completed his concurrent felony sentences, and while this appeal was pending, the voters approved Proposition 47. (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014).) The initiative: added Government Code Chapter 33 (§ 7599 et seq., the "Safe Neighborhoods and Schools Fund"); added sections 459.5, 490.2 and 1170.18 to the Penal Code; amended sections 473, 476a, 496 and 666 of the Penal Code; and amended Health and Safety Code sections 11350, 11357 and 11377. (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4-14, pp. 70-74.) The electorate's stated purpose and intent was to: "(1) Ensure that people convicted of murder, rape, and child molestation will not benefit from this act. [¶] (2) Create the Safe Neighborhoods and Schools Fund . . . for crime prevention and support programs in K-12 schools, . . . for trauma recovery services for crime victims, and . . . for mental health and substance abuse treatment programs to reduce recidivism of people in the justice system. [¶] (3) Require misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior

4

convictions for specified violent or serious crimes. [¶] (4) Authorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors. [¶] (5) Require a thorough review of criminal history and risk assessment of any individuals before resentencing to ensure that they do not pose a risk to public safety. [¶] (6) [And to] save significant state corrections dollars on an annual basis[] . . . [and] increase investments in programs that reduce crime and improve public safety, such as prevention programs in K-12 schools, victim services, and mental health and drug treatment, which will reduce future expenditures for corrections." (Ballot Pamp., *supra*, text of Prop. 47, § 3, p.70.)

Of relevance in the present case, Proposition 47 made certain drug and theft offenses misdemeanors instead of felonies or alternative felony misdemeanors, including both offenses for which defendant was convicted. (Ballot Pamp., *supra*, text of Prop. 47, §§ 5-13, pp. 71-73.) Except as will be noted, receiving stolen property (§ 496, subd. (a)), if the value of the property did not exceed $950, and methamphetamine possession are now misdemeanors.[2] There are two relevant circumstances which prevent the application

---

[2]     As amended by Proposition 47, section 496, subdivision (a) states: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. However, *if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor*, punishable only by imprisonment in a county jail not exceeding one year, if such person has no prior convictions for an offense specified in [Section 667, subdivision (e)(2)(C)(iv)], or for an offense requiring registration pursuant to subdivision (c) of

of the lesser misdemeanor sentences. The first circumstance arises when the defendant has sustained a prior conviction for any of the violent or serious felonies listed in section 667, subdivision (e)(2)(C)(iv). The second circumstance occurs when the defendant has previously sustained a conviction for an offense requiring sex offender registration under section 290, subdivision (c). (Ballot Pamp., *supra,* text of Prop. 47*,* §§ 9, 13, 14; § 1170.18, subd. (i).) Here, the parties agree that the value of the stolen property defendant received did not exceed $950. The parties further agree defendant *does not appear* to have any disqualifying prior conviction.

As we view the issue, this is in large part a matter of the *scope of the retroactive application* of section 1170.18. If the voters had merely made Health and Safety Code section 11377, subdivision (a) and section 496, subdivision (a) misdemeanors, our responsibilities would be clear. We would reduce both of defendant's convictions to misdemeanors. We would be required to do so based upon traditional rules concerning amendatory statutes reducing punishments. (*In re Estrada* (1965) 63 Cal.2d 740, 742,

---

Section 290." (Ballot Pamp., *supra*, text of Prop. 47, § 9, p.72, italics added in part and omitted in part.) As amended by Proposition 47, Health and Safety Code section 11377, subdivision (a) provides: "Except as authorized by law and as otherwise provided in subdivision (b) or Section 11375, or in Article 7 (commencing with Section 4211) of Chapter 9 of Division 2 of the Business and Professions Code, every person who possesses any [specified] controlled substance . . . *shall be punished by imprisonment in a county jail for a period of not more than one year*, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 of the Penal Code if that person has one or more prior convictions for an offense specified in [Section 667, subdivision (e)(2)(C)(iv)] or for an offense requiring registration pursuant to subdivision (c) of Section 290 of the Penal Code." (Ballot Pamp., *supra*, text of Prop. 47, § 13, p.73, italics added in part and omitted in part.)

6

748 (*Estrada*); *People v. Keith* (2015) 235 Cal.App.4th 983, 985-986.)  But as we will explain, the issue is not so simple in our context.  We are reviewing felony convictions on *direct appeal*.  And, the voters have expressly enacted procedures to permit the retroactive application of those portions of Proposition 47 which reduce certain felonies to misdemeanors.  As we shall explain, the voters have not expressed an intention to permit us on *direct appeal* to reduce defendant's felony convictions to misdemeanors without the filing of an application.

There is no retroactivity issue for an accused convicted after the effective date of Proposition 47 of violating Health and Safety Code section 11377, subdivision (a) and section 496, subdivision (a).  Unless the accused has a disqualifying prior conviction, which we will discuss later, he or she may only be convicted of a misdemeanor.  Further, with clarity, the voters intended there be specified retroactive application of the mitigating sentencing provisions of Proposition 47 for an accused sentenced prior to its effective date.  We now turn to the two ways an accused sentenced (or placed on probation) prior to Proposition 47's effective date may secure the initiative's retroactive application.

Section 1170.18 identifies two ways a defendant sentenced or placed on probation prior to Proposition 47's effective date can have his or her sentence for an enumerated felony reduced to a misdemeanor.  First, pursuant to section 1170.18, subdivision (a), the defendant may file a *petition* if she or he is currently serving a felony sentence for an enumerated offense. Section 1170.18, subdivision (a) states in part, "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who

7

would have been guilty of a misdemeanor under the act that added this section ('this act')
had this act been in effect at the time of the offense may petition for a recall of sentence
before the trial court that entered the judgment of conviction in his or her case to request
resentencing in accordance with Section[] . . . 11377 of the Health and Safety Code, or
Section . . 496 . . . of the Penal Code, as those sections have been amended or added by
this act." Thus, if a defendant is serving a sentence for an enumerated offense in section
1170.18, subdivision (a), then he or she may file a petition. Upon filing the petition, then
the trial court proceeds in compliance with section 1170.18, subdivision (b).[3] By its very
terms, section 1170.18, subdivision (a) is inapplicable to defendant. This is because he
completed his sentence on September 24, 2014, and is not subject to any post-judgment
supervision.

Second, if a defendant has completed his or her sentence for an eligible
conviction, in order to secure the reduction to a misdemeanor, an *application* must be

---

[3]     Section 1170.18, subdivision (b) states: "Upon receiving a petition under
subdivision (a), the court shall determine whether the petitioner satisfies the criteria in
subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's
felony sentence shall be recalled and the petitioner resentenced to a misdemeanor
pursuant to Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section
459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, those sections have been
amended or added by this act, unless the court, in its discretion, determines that
resentencing the petitioner would pose an unreasonable risk of danger to public safety. In
exercising its discretion, the court may consider all of the following: [¶] (1) The
petitioner's criminal conviction history, including the type of crimes committed, the
extent of injury to victims, the length of prior prison commitments, and the remoteness of
the crimes. [¶] (2) The petitioner's disciplinary record and record of rehabilitation while
incarcerated. [¶] (3) Any other evidence the court, within its discretion, determines to
be relevant in deciding whether a new sentence would result in an unreasonable risk of
danger to public safety."

filed. Section 1170.18, subdivisions (f) through (g) specify the defendant must file an application and describes a procedure for the trial court to rule upon it. Section 1170.18, subdivision (f) states, "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." Upon the filing of the application by an eligible defendant, the trial court is required to reduce the felony offense or offenses to a misdemeanor. Section 1170.18, subdivision (g) states, "If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor." Unless the defendant requests otherwise, no hearing is necessary in order to rule upon the application filed under section 1170.18, subdivision (f). (§ 1170.18, subd. (h).)

Defendant falls under section 1170.18, subdivisions (f) through (h). Unlike an accused who is serving a sentence, on September 24, 2014, defendant has completed the two-year concurrent felony terms imposed on March 21, 2014. Putting aside jurisdictional issues as an appeal is pending, which we need not decide, if defendant filed an application today, the trial court would be duty bound to grant it. That does not answer the question though of what we, as an appellate court, must do. We view this as an issue of whether the voters intended an appellate court, in the absence of a filing of an application, may order felonies reduced to misdemeanors.

9

We turn to the question whether Proposition 47 applies to defendant on appeal. Defendant has served his concurrent sentences. If he filed an application to have his felony sentences designated as misdemeanors, it is the general rule that new statutes apply prospectively only. (§ 3; *People v. Brown* (2012) 54 Cal.4th 314, 319; *People v. Hayes* (1989) 49 Cal.3d 1260, 1274.) Section 3 states, "No part of [the Penal Code] is retroactive, unless expressly so declared." However, our Supreme Court has carved out "an important, contextually specific qualification" to the rule set forth in section 3. (*People v. Brown*, *supra*, 54 Cal.4th at p. 323; accord, *People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1195 (*Hajek*).) In *Estrada, supra*, 63 Cal.2d at pages 742 and 748, our Supreme Court held that an amendatory statute reducing punishment for a crime applies in all cases not yet final on appeal. But this general rule does not apply when the Legislature or the electorate has clearly indicated they did not so intend. (Accord, *Hajek, supra,* 58 Cal.4th at pp. 1195-1196; *People v. Brown, supra,* 54 Cal.4th at p. 324.) As our Supreme Court explained in *Hajek*: ". . . *Estrada* represents 'an important, contextually specific qualification to the ordinary presumption that statute operate prospectively: When the Legislature has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date. [Citation.] We based this conclusion on the premise that "'[*a*] *legislative mitigation of the penalty for a particular crime* represents a legislative judgment that the lesser penalty or the different treatment is sufficient to meet the legitimate ends of the criminal law.'" [Citation.] "'Nothing is to be gained,'" we

10

reasoned, "'by imposing the more severe penalty after such a pronouncement . . . other than to satisfy a desire for vengeance'" [citation]—a motive we were unwilling to attribute to the Legislature.' [Citation.]" (*Hajek, supra,* 58 Cal.4th at pp. 1195-1196.) The electorate is presumed to have been aware of *Estrada* and its progeny when they approved Proposition 47. (*In re Lance W.* (1985) 37 Cal.3d 873, 890, fn. 11; *Bailey v. Superior Court* (1977) 19 Cal.3d 970, 978, fn. 10; cf. *People v. Scott* (2014) 58 Cal.4th 1415, 1424 [the Legislature].)

It is clear Proposition 47 amended section 496, subdivision (a) and Health and Safety Code section 11377, subdivision (a) to reduce the potential punishment for those criminal offenses. It is also clear that defendant's judgment is not yet final. As our Supreme Court has repeatedly explained: "[A] judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed. [Citations.]" (*People v. Vieira* (2005) 35 Cal.4th 264, 306; *People v. Nasalga* (1996) 12 Cal.4th 784, 789, fn. 5 (plur. opn. of Werdegar, J.); *In re Pedro T.* (1994) 8 Cal.4th 1041, 1046.) It follows that where a conviction has been entered and a sentence imposed, but an appeal is pending, the judgment is not yet final. (*People v. Babylon* (1985) 39 Cal.3d 719, 722; *In re N.D.* (2008) 167 Cal.App.4th 885, 891.) Defendant is before this court on direct appeal. Pursuant to the cited authority, his judgment is not yet final.

The question arises, then, whether Proposition 47 applies retroactively so that we must reduce defendant's convictions from felonies to misdemeanors. Stated differently, the issue is whether the electorate intended the amendatory provisions of Proposition 47—reducing defendant's crimes from felonies to misdemeanors—to be automatically

11

applied on appeal. As our Supreme Court held in *Estrada, supra,* 63 Cal.2d at page 744, whether the amendatory initiative lessening punishment applies retroactively is a question of legislative, or, in our case, voter intent. And our Supreme Court reaffirmed in *In re Pedro T.*, *supra*, 8 Cal.4th at page 1045, "The basis of our decision in *Estrada* was our quest for legislative intent." Further, in *People v. Nasalga, supra,* 12 Cal.4th at page 792, our Supreme Court stated: "To ascertain whether a statute should be applied retroactively, legislative intent is the 'paramount' consideration[.]" If the Legislature has expressly stated its intent in a saving clause—for example, "shall be applied prospectively"—that intent controls. (*Estrada, supra,* 63 Cal.2d at pages 746-747; see *People v. Floyd* (2003) 31 Cal.4th 179, 192 (dis. opn. of Brown, J.) [an effective savings clause specifically qualifies prospective application in relation to date of offense or finality of conviction].) Absent an express saving clause, we must look for any other indications of the electors' intent. As our Supreme Court noted in *Estrada, supra,* 63 Cal.2d at page 744: "The problem, of course, is one of trying to ascertain the legislative intent—did the Legislature intend the old or new statute to apply? Had the Legislature expressly stated which statute should apply, its determination, either way, would have been legal and constitutional. It has not done so. We must, therefore, attempt to determine the legislative intent from other factors." (See *People v. Nasalga, supra,* 12 Cal.4th at p. 794.)

To resolve this very specific retroactivity question, we apply the well settled rules governing interpretation of voter intent: "'In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction. [Citation.] Thus, "we turn first to

12

the language of the statute, giving the words their ordinary meaning." [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] [¶] In other words, our 'task is simply to interpret and apply the initiative's language so as to effectuate the electorate's intent.' [Citation.]" (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900-901; accord, *People v. Canty* (2004) 32 Cal.4th 1266, 1276-1277.)

Proposition 47 does not contain an express saving clause. It does not refer to a person, like defendant, who has been convicted and sentenced but whose appeal is pending. But it does expressly, specifically and clearly address the application of the reduced punishment provisions to convicted felons who were sentenced or placed on probation prior to Proposition 47's effective date. And it does so without regard to the finality of the judgment. Defendant, of course, falls under section 1170.18, subdivision (f). Defendant has completed his sentence. And he potentially would have been guilty of misdemeanors had Proposition 47 been in effect at the time he committed his offenses (assuming he does not have a disqualifying prior conviction.) The plain meaning of the language in section 1170.18 is this—the voters never intended that Proposition 47 would automatically apply to allow us to reduce defendant's two felonies to misdemeanors. Rather, the voters set forth specific procedures for securing the lesser punishment to eligible persons such as defendant. These are the sole remedies available under

13

Proposition 47 for an accused sentenced prior to its effective date. For a convicted felon who has served his or her sentence, the electors specified an application must be filed pursuant to section 1170.18, subdivision (f). Section 1170.18, subdivision (f) requires that an application be filed and resolved in the trial court. In other words, Proposition 47 does not apply retroactively so as to permit us to modify the judgment and then direct that, upon remittitur issuance, defendants' convictions be designated misdemeanors. Defendant is limited to the statutory remedy set forth in section 1170.18, subdivision (f). He must file an application in the trial court to have his felony convictions designated misdemeanors. (See *People v. Noyan* (2014) 232 Cal.App.4th 657, 672.)

Our analysis is consistent with the express voter concern that certain defendants with disqualifying prior convictions may not have their felony convictions reduced to misdemeanors. As we explained, the enumerated felonies may not be reduced to misdemeanors when the accused has sustained a specified prior violent or serious felony conviction. These prior violent or serious felony convictions are set forth in section 667, subdivision (e)(2)(C)(iv). (§ 1170.18, subd. (i).) And, as we noted, no reduction to a misdemeanor can occur if the accused has previously sustained a conviction for an offense requiring sex offender registration. (§ 1170.18, subd. (i).)

Moreover, we previously set forth the relevant provisions of section 3 of Proposition 47. (See pp. 4-5, *supra*.) There, the electorate expressed its anticipation that a thorough review of criminal history and risk assessment of all convicted felons be conducted before potential resentencing. And, the electorate made clear that the initiative's reduction of certain sentences to misdemeanors had no application when the

14

accused had prior convictions for specified violent or serious crimes. (Ballot Pamp., *supra*, text of Prop. 47, § 3, p. 70.)

Further, as we stated, our record fails to indicate defendant has any such disqualifying prior convictions. However, when he was sentenced, there was no issue as to whether he had sustained any disqualifying prior convictions. He pled no contest and was sentenced prior to the adoption of Proposition 47. The filing of an application alerts the prosecution to the question of whether there are any disqualifying prior convictions. Thus, our analysis insures the eligibility determination is made in a hearing where the prosecution is on notice of the existence of the disqualifying prior conviction issue. Our application of section 1170.18, subdivisions (f) through (h) furthers this express voter concern.

Two final notes are in order. To begin with, there are other retroactivity issues raised by the adoption of Proposition 47. We have addressed only one narrow aspect of those issues. Finally, we need not address the issue of whether a defendant may appeal the denial of an application to reduce an eligible felony to a misdemeanor. (See *People v. Loper* (2015) 60 Cal.4th 1155, 1158, 1168 [post-judgment denial of §1170, subd. (e) compassionate release recommendation appealable as an order made after judgment affecting the accused's substantial rights]; *Teal v. Superior Court* (2014) 60 Cal.4th 595, 598-601 [denial of post-judgment § 1170.126 sentence recall petition is appealable].)

[Part II (C) is deleted from publication.  See *post* at page 17 where publication is to resume.]

C.  Criminal Laboratory Analysis Fee

We asked the parties to brief the question whether the judgment must be modified to include a $50 criminal laboratory analysis fee plus penalties and a surcharge.  Because defendant was convicted of violating Health and Safety Code section 11377, subdivision (a), he is subject to a mandatory criminal laboratory analysis fee of $50 (Health & Saf. Code, § 11372.5, subd. (a); *People v. Valencia* (2014) 226 Cal.App.4th 326, 330) together with mandatory penalties and a surcharge (*People v. Talibdeen* (2002) 27 Cal.4th 1151, 1153-1157; *People v. Turner* (2002) 96 Cal.App.4th 1409, 1413-1414, 1416.)  The trial court failed to impose the mandatory fine.  The judgment must be modified to include the $50 fine together with $155 in mandatory penalties and a surcharge (*People v. Talibdeen, supra,* 27 Cal.4th at pp. 1153-1157; *People v. Valencia, supra,* 226 Cal.App.4th at p. 330) specifically:  a $50 state penalty (§ 1464, subd. (a)(1)); a $35 county penalty (Gov. Code, § 76000, subd. (a)(1)); a $10 state surcharge (§ 1465.7, subd. (a)); a $25 state court construction penalty (Gov. Code, § 70372, subd. (a)(1)); a $5 deoxyribonucleic acid penalty (Gov. Code, § 76104.6, subd. (a)); a $20 state-only deoxyribonucleic acid penalty (Gov. Code, § 76104.7, subd. (a)); and a $10 emergency medical services penalty (Gov. Code, § 76000.5, subd. (a)(1)).  Imposition of the fee, penalties and surcharge totaling $205 is insignificant and does not violate defendant's

16

plea bargain.  (*People v. Turner, supra,* 96 Cal.App.4th at p. 1414; compare *People v. Clark* (1992) 7 Cal.App.4th 1041, 1047-1051.)


[The balance of the opinion is to be published.]

## III. DISPOSITION

The judgment is modified to impose a $50 criminal laboratory analysis fee under Health and Safety Code section 11372.5, subdivision (a), together with $155 in mandatory penalties and a surcharge, specifically: a $50 state penalty (Pen. Code, § 1464, subd. (a)(1)); a $35 county penalty (Gov. Code, § 76000, subd. (a)(1)); a $10 state surcharge (Pen. Code, § 1465.7, subd. (a)); a $25 state court construction penalty (Gov. Code, § 70372, subd. (a)(1)); a $5 deoxyribonucleic acid penalty (Gov. Code, § 76104.6, subd. (a)); a $20 state-only deoxyribonucleic acid penalty (Gov. Code, § 76104.7, subd. (a)); and a $10 emergency medical services penalty (Gov. Code, § 76000.5, subd. (a)(1)). The judgment is affirmed in all other respects.

CERTIFIED FOR PARTIAL PUBLICATION

TURNER, P. J.

We concur:

MOSK, J.                                    GOODMAN, J.*

---

*        Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.