Filed 1/4/16  P. v. Byrd CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B264686 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA244467) |
| v. | |
| JAMES GARY BYRD, | |
| Defendant and Appellant. | |

THE COURT:[*]

Defendant James Gary Byrd appeals from the order denying his petition for recall of sentence pursuant to Penal Code section 1170.18, added by Proposition 47.[1]  He is currently serving a sentence of 41 years to life, imposed in 2003.

---

[*]     BOREN, P.J.     ASHMANN-GERST, J.     HOFFSTADT, J.

[1]     Proposition 47 was an initiative measure approved by the voters (Gen. Elec. Nov. 4, 2014) and took effect on November 5, 2014 (see Cal. Const., art. II, § 10 [initiative statute "takes effect the day after the election unless the measure provides otherwise"]).  "The initiative:  added Government Code chapter 33 of division 7 of title 1 (§ 7599 et seq.; the Safe Neighborhoods and Schools Fund); added sections 459.5, 490.2 and 1170.18 to the Penal Code; amended sections 473, 476a, 496 and 666 of the Penal Code; and amended Health and Safety Code sections 11350, 11357 and 11377.  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4-14, pp. 70-74.)" (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.)  The electorate's stated intent and purposes, among others, were to ". . . '[r]equire misdemeanors instead of felonies for

We appointed counsel to represent defendant on this appeal. After examination of the record, counsel filed an "Opening Brief" containing an acknowledgment he had been unable to find any arguable issues. On November 5, 2015, we advised defendant he had 30 days within which to submit personally any contentions or issues he wished us to consider. No response to that notice has been received to date.

Penal Code section 1170.18 provides that "[a] person currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing [to a misdemeanor] in accordance with [certain enumerated] Sections of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18, subd. (a).) As noted in our unpublished opinion in case No. B169811, defendant was convicted of voluntary manslaughter, a felony, in violation of section 192, subdivision (a), of the Penal Code, which is not an offense to which the ameliorative provisions of Proposition 47 apply. Defendant therefore was not eligible to file a petition for recall of sentence and resentencing under Penal Code section 1170.18.[2]

---

nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes [and] [a]uthorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors.' . . . (Voter Information Guide, *supra*, text of Prop. 47, § 3, p. 70.)" (*Ibid.*)

[2]    In our unpublished opinion in B254833 we concluded defendant was not eligible to file a petition for recall of sentence and resentencing under Penal Code section 1170.126, added by Proposition 36 (Gen. Elec. Nov. 6, 2012, eff. Nov. 7, 2012).

We have examined the entire record, and we are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People* v. *Wende* (1979) 25 Cal.3d 436, 441.)

The order appealed from is affirmed.