Filed 1/7/16  P. v. West CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063304 |
| v. | (Super.Ct.No. RIF1100385) |
| FRANCISCO DANIEL WEST, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General,

and Seth Friedman and Heidi Salerno, Deputy Attorneys General, for Plaintiff and

Respondent.

Defendant and appellant, Francisco Daniel West, filed a petition for resentencing pursuant to Penal Code section 1170.18,[1] which the court denied. On appeal, defendant contends the court abused its discretion in denying defendant's petition. We affirm.

## I. PROCEDURAL HISTORY

On February 1, 2011, the People charged defendant by felony complaint with receipt of stolen property (count 1; § 496, subd. (a)) and the unlawful destruction or concealment of evidence (count 2; § 135). The People additionally alleged defendant had violated the terms of his probation in two separate cases. (§ 1203.2, subd. (b).)

On March 3, 2011, pursuant to a plea agreement, defendant pled guilty to the count 1 offense and admitted violating his probation in both other cases. In return, the other charge was dismissed and defendant was granted 36 months of probation.

The factual basis of defendant's plea consisted of his initials on the plea form in a box next to a sentence reading: "I agree that I did the things that are stated in the charges that I am admitting." In addition, defendant affirmatively responded to the court's question of whether it was "true that on December 24th of last year, in this county, you did, in fact, receive jewelry that was obtained by theft, and you knew it had been so obtained?" The value of the stolen jewelry obtained by defendant is not reflected in any admissible evidence in this record.

On June 13, 2011, the probation department filed a petition to revoke defendant's probation because he had failed to report for weekend custody and had been arrested for

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

possessing heroin.**2** On November 9, 2011, defendant admitted violating his probation. On the same date, defendant pled guilty in five separate cases, in two cases for first degree robbery (Pen. Code, §§ 211, 212.5, subd. (a)), one with a knife allegation (Pen. Code, § 12022, subd. (b)(1)), and in three cases for the unlawful possession of a controlled substance (Health & Saf. Code, § 11350).

On December 21, 2011, defendant pled guilty in another case for first degree burglary (§ 211) committed while released on bail (§ 12022.1, subd. (b)). The court sentenced defendant to an agreed aggregate sentence of 10 years 8 months' imprisonment encompassing all seven cases.

On December 15, 2014, defendant filed a petition for resentencing pursuant to section 1170.18. On or about February 14, 2014, the People filed a response in which they asserted defendant was ineligible for resentencing because the stolen jewelry he pled guilty to receiving was worth several thousand dollars. On March 9, 2015, the court denied defendant's petition because the "loss was over $950.00."

## II. DISCUSSION

Defendant contends the court abused its discretion in denying his petition in reliance upon the People's unsworn statement that the value of the stolen jewelry was worth several thousand dollars. Defendant contends the People bore the burden of proving by admissible evidence that the value of the jewelry exceeded $950. We hold

---

**2** We take judicial notice of our opinion in case No. E055719 from defendant's previous appeal in this case. (Evid. Code, § 459, subd. (a).)

3

that defendant bore the burden of proving his eligibility for resentencing. Thus, any reliance by the court upon the People's statement of the value of the jewelry was harmless because defendant failed his burden to prove the value of the jewelry was $950 or less.

On November 4, 2014, "the voters approved Proposition 47. [Citation.] The initiative added . . . [section] 1170.18 to the Penal Code . . . and amended Health and Safety Code sections 11350, 11357 and 11377. [Citation.]" (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.) Section 1170.18, subdivision (a), provides that: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with. . . Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." Section 496 now defines the crime of receiving stolen property as a misdemeanor if the value of the stolen property does not exceed $950.

"The burden of proof lies with defendant to show the facts demonstrating his eligibility for relief, including that the value of the stolen [property] did not exceed $950. [Citation.]" (*People v. Page* (2015) 241 Cal.App.4th 714, 719, fn. 2. [Fourth Dist., Div. Two].) "[I]t is entirely appropriate to allocate the initial burden of proof to the petitioner to establish the facts upon which his or her eligibility is based." (*People v. Sherow*

4

(2015) 239 Cal.App.4th 875, 880 [defendant failed his burden to establish eligibility for resentencing under § 1170.18 by failing to prove the value of the items he was convicted of taking did not exceed $950]; see *In re Champion* (2014) 58 Cal.4th 965, 1006-1007 [defendant in petition for writ of habeas corpus """"bears a heavy burden initially to *plead* sufficient grounds for relief, and then later to *prove* them.""""]); *People v. Kim* (2009) 45 Cal.4th 1078, 1101 [defendant bears burden of producing evidence on petition for writ of *coram nobis*]; *In re Paul W.* (2007) 151 Cal.App.4th 37, 71 ["The petitioner has the burden of proving the factual contentions contained in the petition by a preponderance of the evidence."].)

Here, defendant failed to plead or prove that the value of the stolen objects he pled guilty to receiving were worth $950 or less. Thus, regardless of any reliance upon the People's statement the jewelry was worth thousands of dollars, the court properly denied defendant's petition because he failed to meet his burden of proof and production.

## III. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING
J.

We concur:

HOLLENHORST
Acting P. J.

MILLER
J.

5