Filed 4/18/16  P. v. Borders CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B263522 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA046231) |
| v. | |
| KENNETH RAY BORDERS, | |
| Defendant and Appellant. | |

THE COURT:[*]

Kenneth Ray Borders appeals from the postjudgment order denying his motion to reclassify his felony conviction for unlawful drug possession (Health & Saf. Code, §11350) as a misdemeanor pursuant to Penal Code section 1170.18,[1] added by Proposition 47.[2]

---

[*]    BOREN, P.J., CHAVEZ, J., HOFFSTADT, J.

[1]    All further section references are to the Penal Code unless otherwise indicated.

[2]    Proposition 47 was an initiative measure approved by the voters (Gen. Elec. Nov. 4, 2014) and took effect on November 5, 2014 (see Cal. Const., art. II, § 10 [initiative statute "takes effect the day after the election unless the measure provides otherwise"]).  "The initiative:  added Government Code chapter 33 of division 7 of title 1 (§ 7599 et seq., the Safe Neighborhoods and Schools Fund); added sections 459.5, 490.2

In an unpublished opinion, this court affirmed the judgment of conviction entered following a jury trial that resulted in appellant's felony convictions for sale of marijuana (Health & Saf. Code, § 11360, subd. (a); count 1) and possession of marijuana for sale (Health & Saf. Code, § 11359; count 2) and a court finding that he had suffered a strike under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).[3]

On March 12, 2015, the trial court denied appellant's application for Proposition 47 relief, finding the felony conviction for which misdemeanor reclassification was sought did not qualify.[4]

---

and 1170.18 to the Penal Code; amended sections 473, 476a, 496 and 666 of the Penal Code; and amended Health and Safety Code sections 11350, 11357 and 11377. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4-14, pp. 70-74.) The electorate's stated purpose and intent was to '(1) Ensure that people convicted of murder, rape, and child molestation will not benefit from this act. [¶] (2) Create the Safe Neighborhoods and Schools Fund . . . for crime prevention and support programs in K-12 schools, . . . for trauma recovery services for crime victims, and . . . for mental health and substance abuse treatment programs to reduce recidivism of people in the justice system. [¶] (3) Require misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes. [¶] (4) Authorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors. [¶] (5) Require a thorough review of criminal history and risk assessment of any individuals before resentencing to ensure that they do not pose a risk to public safety. [¶] (6) [And to] save significant state corrections dollars on an annual basis [and] increase investments in programs that reduce crime and improve public safety, such as prevention programs in K-12 schools, victim services, and mental health and drug treatment, which will reduce future expenditures for corrections.' (Voter Information Guide, *supra*, text of Prop. 47, § 3, p. 70.)" (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.)

[3]     We take judicial notice of this opinion (B146780) and note that we modified the judgment solely to correct his award of precommitment credits. (Evid. Code, §§ 452, subd. (d)(1), 459.)

[4]     Appellant was not convicted of violating section 11350 of the Health and Safety Code. Although that section is a qualifying offense, neither section 11359 nor 11360, subdivision (a) of that code qualifies for Proposition 47 relief. (See § 1170.18, subds. (a), (b), (f).)

We appointed counsel to represent him on this appeal.  After examination of the record, counsel filed an "Opening Brief" in which no issues were raised.

On February 23, 2016, we advised appellant he had 30 days within which to submit personally any contentions or issues which he wished us to consider.

Appellant has raised no arguable issues.  We have examined the entire record and are satisfied appellant's attorney has complied fully with his responsibilities and that no arguable issues exist.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The order denying the petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.