Filed 4/28/16  P. v. Vance CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C076272 |
| v. | (Super. Ct. No. CRF130047) |
| WILLIE JERAMIAH VANCE, | |
| Defendant and Appellant. | |

A jury convicted defendant Willie Jeramiah Vance of possession of cocaine base (Health & Saf. Code, § 11350, subd. (a)) and possession of drug paraphernalia (Health & Saf. Code, former § 11364.1, Stats. 2011, ch. 738, § 11).  The trial court sustained a prior strike allegation but granted defendant's motion to strike the allegation pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 and sentenced defendant to serve three years in state prison.

On appeal, defendant contends the case should be remanded to the trial court for resentencing pursuant to Proposition 47.  We conclude Proposition 47 applies

1

retroactively only through a petition for resentencing under Penal Code section 1170.18. Accordingly, we affirm.

## DISCUSSION[1]

Proposition 47 requires "misdemeanors instead of felonies for nonserious, nonviolent crimes . . . unless the defendant has prior convictions for specified violent or serious crimes." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, p. 70.) It also added section 1170.18 to the Penal Code, which provides that a person who is "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ."

Defendant correctly notes possession of cocaine base is now a misdemeanor and he does not have a disqualifying prior conviction. (Health & Saf. Code, § 11350, subd. (a).) He argues that pursuant to *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), the provisions of Proposition 47 operate retroactively to reduce his conviction to a misdemeanor.

*Estrada* stated: "When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply." (*Estrada, supra*, 63 Cal.2d

---

[1] We dispense with a recitation of the facts of defendant's crimes as it is unnecessary to resolve this case.

at p. 745.)  This includes "acts committed before its passage provided the judgment convicting the defendant of the act is not final."  (*Ibid*.)

Thus, *Estrada* held that if an amended statute mitigates punishment, the amendment will operate retroactively to impose the lighter punishment unless there is a saving clause.  (*Estrada, supra*, 63 Cal.2d at p. 748.)  The Legislature may signal its intent by including an express saving clause making the amendment prospective, "or its equivalent."  (*People v. Nasalga* (1996) 12 Cal.4th 784, 793.)  *People v. Yearwood* (2013) 213 Cal.App.4th 161 held a provision in Proposition 36, the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012); Pen. Code, § 1170.126) that created a postconviction resentencing procedure similar to the one in Penal Code section 1170.18, was the "functional equivalent" of a saving clause. (*People v. Yearwood*, at pp. 167-172.)  Referencing *People v. Yearwood*, this court has concluded a defendant subject to Proposition 47 is limited to the statutory remedy of petitioning for recall of sentence in the trial court after the judgment has become final. (*People v. Noyan* (2014) 232 Cal.App.4th 657, 672.)  *Noyan* was cited with approval in a decision from Division Five of the Second District Court of Appeal, rejecting the same argument presented here by defendant.  (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 314.)

We agree with the result in *People v. Noyan, supra,* 232 Cal.App.4th 657 and *People v. Shabazz, supra* 237 Cal.App.4th 303.  The procedure set forth in Penal Code section 1170.18 applies to "[a] person currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act . . . ."  Defendant is such a person.  There is no need to ask whether Proposition 47 is retroactive as to him.  The act clearly states the manner in which any adjustment in his sentence is to be accomplished.  Defendant is limited to the statutory remedy of petitioning the trial court for recall of sentence when the judgment is final.

3

DISPOSITION

The judgment is affirmed.

/s/
HOCH, J.

We concur:


/s/
NICHOLSON, Acting P. J.


/s/
DUARTE, J.