Filed 8/11/16  P. v. Childs CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAMES LERNELL CHILDS,<br><br>    Defendant and Appellant. | F071207<br><br>(Kern Super. Ct. No. BF146358A)<br><br>**OPINION** |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael B. Lewis, Judge.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Gomes, Acting P.J., Franson, J., and Smith, J.

Appointed counsel for defendant James Lernell Childs asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On September 24, 2013, defendant was convicted of possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)). He was sentenced to six years in prison.

On December 17, 2014, defendant filed a petition for resentencing pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18).[1] The petition attested that defendant had no prior convictions for offenses under section 667, subdivision (e)(2)(C)(iv). The prosecutor responded that defendant had a prior conviction for attempted murder.

At the hearing on January 29, 2015, the prosecutor again stated that defendant did not qualify. Defense counsel submitted, and the trial court found defendant ineligible for resentencing under Proposition 47 due to a disqualifying prior conviction.

On March 11, 2015, defendant filed a notice of appeal.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

2

We have conducted a review of the entire record and find no arguable issues. Proposition 47 reduced certain nonviolent drug and theft offenses from straight felonies or wobblers to misdemeanors. (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.) Section 1170.18 provides a mechanism for those sentenced to such nonviolent drug and theft offenses before the effective date of the act to petition for resentencing. Inmates given felony sentences for nonviolent drug and theft offenses, however, may be ineligible for resentencing if they have suffered certain specified prior offenses, referred to as "super strikes." (See §§ 1170.18, subd. (i), 667, subd. (e)(2)(C)(iv).) Among the disqualifying super strikes: "Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive." (§ 667, subd. (e)(2)(C)(iv)(IV).) Here, defendant has a prior conviction for attempted murder as defined in sections 187 and 664. Accordingly, the trial court did not err in denying defendant's petition for resentencing. Furthermore, we see no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.