Filed 8/29/16  P. v. Gutierrez CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B264621 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA044430) |
| v. | |
| ALBERTO GUTIERREZ, | |
| Defendant and Appellant. | |

THE COURT:[*]

Defendant Alberto Gutierrez appeals[1] from the postjudgment order denying his application to reclassify his felony conviction for possession for sale of a controlled substance (Health & Saf. Code, § 11351) as a misdemeanor pursuant to Penal Code section 1170.18,[2] added by Proposition 47.[3]  We affirm the order.

---

[*]     BOREN, P.J., CHAVEZ, J., HOFFSTADT, J.

[1]     On August 17, 2015, we granted defendant's application/petition for relief from default filed June 9, 2015, and his request for judicial notice of certain documents in the underlying Los Angeles County Superior Court case No. YA044430, copies of which are attached as exhibits 1 through 7 of the request and exhibits A through J to the supplemental request.

[2]     All further section references are to the Penal Code unless otherwise indicated.

[3]     Proposition 47 is an initiative measure approved by the voters (Gen. Elec. Nov. 4, 2014) and took effect on November 5, 2014 (see Cal. Const., art. II, § 10 [initiative statute "takes effect the day after the election unless the measure provides otherwise"]).

## BACKGROUND

In July 2000, an information was filed charging defendant with possession of the ingredients to make a destructive device (§ 12312; count 1); possession for sale of a controlled substance (Health & Saf. Code, § 11351; count 2); and possession of marijuana for sale (Health & Saf. Code, § 11359; count 3). Pursuant to a plea agreement, defendant pleaded no contest to the count 2 offense, and counts 1 and 3 were dismissed. The trial court sentenced defendant to the two-year low term, suspended execution of sentence, and placed him on formal probation for three years.

On December 17, 2004, an outstanding bench warrant for defendant was recalled. After finding him in violation of his probation, the trial court revoked his probation and imposed the previously suspended two-year sentence to run concurrently with any sentence he was currently serving.

---

"The initiative: added Government Code chapter 33 of division 7 of title 1 (§ 7599 et seq., the Safe Neighborhoods and Schools Fund); added sections 459.5, 490.2 and 1170.18 to the Penal Code; amended sections 473, 476a, 496 and 666 of the Penal Code; and amended Health and Safety Code sections 11350, 11357 and 11377. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4-14, pp. 70-74.) The electorate's stated purpose and intent was to '(1) Ensure that people convicted of murder, rape, and child molestation will not benefit from this act. [¶] (2) Create the Safe Neighborhoods and Schools Fund . . . for crime prevention and support programs in K-12 schools, . . . for trauma recovery services for crime victims, and . . . for mental health and substance abuse treatment programs to reduce recidivism of people in the justice system. [¶] (3) Require misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes. [¶] (4) Authorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors. [¶] (5) Require a thorough review of criminal history and risk assessment of any individuals before resentencing to ensure that they do not pose a risk to public safety. [¶] (6) [And to] save significant state corrections dollars on an annual basis [and] increase investments in programs that reduce crime and improve public safety, such as prevention programs in K-12 schools, victim services, and mental health and drug treatment, which will reduce future expenditures for corrections.' (Voter Information Guide, *supra*, text of Prop. 47, § 3, p. 70.)" (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.)

In October 2010, defendant filed a petition for writ of *coram nobis* seeking to vacate his no contest plea on the ground that he did not intelligently and voluntarily waive his rights because he was inadequately advised of his rights; he was not under oath; and he was on medication for a prior injury.

In November 2010, at a hearing, the trial court denied the petition.

Defendant filed an appeal from that order. His attorney filed an opening brief in which no arguable issues were raised. Defendant filed a supplemental brief suggesting he had intended to plead no contest to count 3 rather than to count 2. Based on our review of the entire record, we were satisfied defendant's attorney had fully complied with his responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).) We affirmed the order denying his petition for writ of *coram nobis*.[4]

On February 10, 2015, defendant filed an application to reclassify his felony conviction for possession for sale of a controlled substance (Health & Saf. Code, § 11351) as a misdemeanor pursuant to section 1170.18. The prosecutor filed opposition, contending the offense was not eligible for Proposition 47 relief.

On February 17, 2015, the trial court denied the petition for the reason that an offense based on a violation of Health and Safety Code section 11351 is not an offense eligible for relief under Proposition 47.

We appointed counsel to represent him on this appeal. After examination of the record, counsel filed an opening brief in which no issues were raised.

On June 6, 2016, we advised defendant he had 30 days within which to submit personally any contentions or issues which he desired us to consider. We have not received a response from him.

We have examined the entire record and are satisfied defendant's attorney has complied fully with his responsibilities and that no arguable issues exist. (*Wende*, *supra*, 25 Cal.3d at p. 441.)

---

[4] The above background is taken from our earlier opinion (B230888), of which we take judicial notice. (Evid. Code, §§ 452, subd. (d)(1), 459.)

3

The order denying the petition for Proposition 47 relief is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.