Filed 9/26/16  P. v. Martin CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KENNETH WAYNE MARTIN,<br><br>    Defendant and Appellant. | F069423<br><br>(Super. Ct. Nos. BF137181A,<br>BF152335A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

William W. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Stephen G. Herndon, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Proposition 47 was enacted in 2014 and it reclassified as misdemeanors certain theft crimes involving $950 or less. Before its enactment, appellant Kenneth Wayne Martin entered pleas for felony convictions of receiving stolen property (Pen. Code, § 496, subd. (a)[1]) and second degree burglary (§ 460, subd. (b)). On appeal he seeks reclassification of these convictions as misdemeanors. We determine, however, that this appellate record does not establish the required monetary amounts necessary for reclassification. Further, appellant must use the statutory remedy available under section 1170.18 to petition for recall of sentence in the trial court. We affirm.

## FACTUAL BACKGROUND

### I. Case Number BF137181A.

On January 27, 2012, in Kern County Superior Court case number BF137181A, appellant pleaded no contest to felony receiving stolen property (§ 496, subd. (a)) and he admitted a prior felony prison sentence (§ 667.5, subd. (b)). It was alleged, and appellant agreed a factual basis existed, that he pawned stolen items consisting of silver spoons, a spotting scope, video game systems, a radiation gun, and a military compass. Attached to the probation officer's report was a victim's statement which claimed a loss well over $950. An aggregate sentence of four years was imposed, with appellant to serve the first year in county jail and the remainder under mandatory supervision.

### II. Case Number BF152335A.

On March 26, 2014, in Kern County Superior Court case number BF152335A, appellant pleaded no contest to second degree burglary (§ 460, subd. (b)) and he admitted a prior strike conviction. It was alleged, and appellant agreed a factual basis existed, that on or about December 20, 2013, he willfully and unlawfully entered a Sears store with the intent to commit theft. An aggregate sentence of 16 months in prison was imposed.

---

[1] All future statutory references are to the Penal Code unless otherwise noted.

Appellant was ordered to make restitution pursuant to section 1202.4, subdivision (f), in an amount to be determined by the probation department. The court found him in violation of his mandatory supervision in case number BF137181A and imposed a concurrent two-year prison sentence.

At the preliminary hearing, an officer with the Bakersfield police department testified regarding appellant's theft at Sears. According to the officer, who received this information from a loss prevention employee who did not testify, appellant exited a "fitting room with two pairs of pants and one T-shirt." Appellant left the Sears without paying for the items. He was detained by loss prevention, which recovered from him "[o]ne pair of Levi's and two gray T-shirts."

On October 15, 2014, this court construed appellant's notice of appeal to be an appeal from the judgments entered in case numbers BF152335A and BF137181A.

## DISCUSSION

### I. The Appellate Record Does Not Establish Eligibility For Misdemeanor Reclassification.

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (the Act). (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014), effective Nov. 5, 2014.) The Act reclassified certain felony drug- and theft-related offenses as misdemeanors, including shoplifting with a value of $950 or less (§ 459.5, subd. (a)) and receiving stolen property with a value of $950 or less (§ 496, subd. (a)).

Through the Act, voters enacted a statutory provision whereby a person serving a felony sentence for a reclassified offense, whether by trial or plea, can petition for a recall of his or her sentence. (§ 1170.18, subd. (a).) The petition is to be filed with the trial court that entered the judgment of conviction, which is to determine if the petitioner satisfies the criteria for resentencing. (*Id.* at subd. (b).) If the trial court finds the petitioner is eligible for resentencing, the trial court is to recall the felony sentence and resentence the petitioner to a misdemeanor "unless the court, in its discretion, determines

3.

that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (*Ibid.*)

Appellant requests that his respective felony convictions for second degree burglary and receipt of stolen property be stricken, and this matter remanded for misdemeanor sentencing. He claims sections 459.5 and 496 apply retroactively to him under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) and principles of equal protection. In the alternative, he requests he be permitted to withdraw his pleas and enter pleas of no contest to misdemeanor violations. He contends the trial court can determine the value of the items following remand if that is a disputed issue, and we should direct the trial court to reduce his convictions to misdemeanors unless the value is proven to be over $950.

In contrast, respondent contends *Estrada* does not support "automatic reclassification and resentencing by this Court." Instead, according to respondent, appellant must petition the lower court for relief pursuant to section 1170.18.

In *Estrada, supra,* 63 Cal.2d 740, the Supreme Court "considered the retroactive application of a statutory amendment that reduced the punishment prescribed for the offense of escape without force or violence." (*People v. Conley* (2016) 63 Cal.4th 646, 656.) The issue was whether the Legislature intended the old or the new statute to apply. Without any textual indication of the Legislature's intent, *Estrada* "inferred that the Legislature must have intended for the new penalties, rather than the old, to apply. [Citation.]" (*People v. Conley, supra,* 63 Cal.4th at p. 656.) It was determined no reason would ordinarily exist to continue imposing the more severe penalty. *Estrada* concluded the Legislature must have intended for the new lighter penalties to apply to every case, including acts committed before the new statute was passed, " 'provided the judgment convicting the defendant of the act is not final.' [Citation.]" (*People v. Conley, supra,* 63 Cal.4th at p. 656.)

The California Supreme Court is currently considering whether the Act applies retroactively to a defendant who was sentenced before its effective date but whose

judgment was not final until after that date. (*People v. DeHoyos* (2015) 238 Cal.App.4th 363, review granted September 30, 2015, S228230; *People v. Delapena* (2015) 238 Cal.App.4th 1414, review granted October 28, 2015, S229010.)

Here, although appellant argues he qualifies for reclassification of these offenses from felonies to misdemeanors, he concedes this record does not indicate the value of the stolen items which he pawned or the value of the items he stole from Sears. We have examined the appellate record and have found nothing establishing these amounts.

To the contrary, in case number BF137181A, the victim submitted an impact statement which claimed a loss well over $950. It was alleged, and appellant agreed a factual basis existed, that he pawned stolen items consisting of silver spoons, a spotting scope, video game systems, a radiation gun, and a military compass. Resentencing is not appropriate under these facts.

Likewise, in case number BF152335A, it was alleged, and appellant agreed a factual basis existed, that on or about December 20, 2013, he willfully and unlawfully entered a Sears with the intent to commit theft. Appellant was ordered to make restitution pursuant to section 1202.4, subdivision (f), in an amount to be determined by the probation department. That amount does not appear in this record.

The officer's testimony at the preliminary hearing did not establish a monetary value of the items taken from Sears. Further, the officer's testimony was hearsay regarding the theft. Although the prosecutor was allowed to rely on the officer's hearsay testimony during the preliminary hearing, hearsay evidence is generally inadmissible. (*Correa v. Superior Court* (2002) 27 Cal.4th 444, 451-452.) We decline to assume the total value of the items stolen from Sears was $950 or less. This incomplete appellate record does not establish that reclassification is appropriate.

Moreover, the Act does not give an appellate court the authority to modify a convicted felon's judgment. (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 313-314.) Instead, a convicted felon must use the statutory remedy available under section 1170.18

to petition for recall of sentence in the trial court and to request resentencing. (*People v. Noyan* (2014) 232 Cal.App.4th 657, 672.)

Appellant has a statutory remedy to petition the trial court for reclassification of these convictions. Upon receiving such a petition, the trial court is to determine whether appellant satisfies the criteria to recall the felony sentences and to determine if resentencing appellant "would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

## **DISPOSITION**

The judgment is affirmed.

_____
LEVY, Acting P.J.

WE CONCUR:


_____
KANE, J.


_____
DETJEN, J.

6.