Filed 1/25/16  P. v. Auld CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>RONALD WILBURT AULD,<br><br>　　　Defendant and Appellant. | B262749<br><br>(Los Angeles County<br>Super. Ct. No. YA018979) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Steven R. Van Sicklen, Judge.  Affirmed.

Ken K. Behzadi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Representing himself, Ronald Wilburt Auld petitioned on January 7, 2015 to recall his current felony sentence for violating Health and Safety Code section 11350, subdivision (a), and for resentencing as a misdemeanor under Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18).[1]  On January 21, 2015 the trial court denied the petition, finding that Auld, a registered sex offender, was not eligible for resentencing under Proposition 47.  Auld filed a timely notice of appeal.

We appointed counsel to represent Auld on appeal.  After examination of the record, counsel filed an opening brief in which no issues were raised.  On September 15, 2015 we attempted to advise Auld by mail, sent to Donovan Correctional Facility, that he had 30 days within which to submit any contentions or issues he wished us to consider.  On November 20, 2015 the notice was returned by Donovan Correctional Facility and marked "RTS" "Paroled."[2]

Proposition 47 requires a misdemeanor sentence instead of a felony sentence for certain drug possession offenses and for petty theft, receiving stolen property and forging/writing bad checks when the amount involved is $950 or less and requires resentencing for defendants currently serving felony sentences for the specified crimes unless the trial court finds an unreasonable public safety risk.  (See *People v. Shabazz* (2015) 237 Cal.App.4th 303, 308 & fn. 2.)

Section 1170.18, subdivision (i), however, provides, "The provisions of this section shall not apply to persons who have one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290."

---

[1]     Statutory references are to this code unless otherwise indicated.

[2]     When appellate counsel was appointed, Auld was directed "to keep the court informed of his/her mailing address at all times.  If you move, you MUST notify the clerk of this court immediately; otherwise you may not receive important notices concerning your appeal."  Auld failed to provide any information concerning his address following his apparent discharge from Donovan Correctional Facility.

Section 290, subdivision (c), provides for mandatory registration as a sex offender for a number of offenses including violations of section 288, subdivision (a), committing lewd or lascivious acts on a child under the age of 14. Section 290.006 authorizes the court, in its discretion, to order registration for offenses committed out of sexual compulsion or for sexual gratification that are not included in section 290, subdivision (c), if the court finds that registration is justified by the defendant's risk of reoffense. (See *People v. Mosley* (2015) 60 Cal.4th 1044, 1048.)

In this matter the People opposed Auld's petition under Proposition 47 on the ground Auld "is a registered sex offender." From the limited record on appeal, it does not appear the People indicated the nature of the underlying offense that led to the registration requirement or specified whether registration was pursuant to section 290, subdivision (c), or section 290.006. The court denied the petition, stating Auld "is a registered PC 290 sex offender," also without either identifying the underlying offense for which registration was ordered or indicating in what manner it had determined that registration was pursuant to section 290, subdivision (c). The record on appeal does not contain any additional information on this point (Auld's petition does not disclose this offense); and the brief filed by Auld's appointed counsel does not address the issue.

Although these omissions are troubling, the United States Department of Justice's National Sex Offender Public Website (NSOPW), of which we take judicial notice (see *In re Stier* (2007) 152 Cal.App.4th 63, 70, fn. 5 [appellate court may take judicial notice of out-of-state sex offender registry although document was not before the trial court]), reveals that Auld was convicted of a violation of section 288, subdivision (a), an offense subject to mandatory registration under section 290, subdivision (c). (<http://216.223.229.24/cgi/prosoma.dll?zoomAction= Box&zoomAction= clickcenter&zoomAction=clickoffender&lastName= Auld&firstName=Ronald&Address=&City=&zipcode=&searchDistance=.75&City2=&c ountyLocation=&zipcode2=&SelectCounty=&ParkName=&searchDistance2=. 75&City3=&zipcode3=&countyLocation3=&schoolName=&searchDistance3=. 75&City4=&zipcode4=&countyLocation4=&refineID=&pan=&distacross=107211&cent

erlat=38409907&centerlon=-121514242 &starlat= &starlon=& startext=&x1= &y1 =&x2= &y2=&mapwidth= 525&mapheight=400&zoom= &searchBy=namelist&id= &docountycitylist=2&OFDTYPE=&W6=164836%0D%0A&lang=ENGLISH&W6=164 836>[as of Jan. 25, 2016].)  Accordingly, Auld was ineligible for Proposition 47 relief because he was subject to the mandatory, rather than the discretionary, registration provision.

We have examined the entire record and are satisfied no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The order is affirmed.


PERLUSS, P. J.

We concur:


ZELON, J.


SEGAL, J.