Filed 3/16/16  P. v. Yanez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HEATHER ANN YANEZ,<br><br>    Defendant and Appellant. | B265574<br><br>(Los Angeles County<br>Super. Ct. No. VA110268) |

APPEAL from an order of the Superior Court of Los Angeles County, Yvonne T. Sanchez, Judge.  Reversed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Wyatt E. Bloomfield, Deputy Attorneys General, for Plaintiff and Respondent.

_____

We reverse and remand the trial court's order denying Heather Ann Yanez's (Yanez) motion for recall and resentencing under Proposition 47 for consideration in light of *People v. Vargas* (2016) 243 Cal.App.4th 1416, 1419 (*Vargas*).)  In denying Yanez's request to have her conviction of felony second degree burglary (Pen. Code, § 459)[1] reduced to misdemeanor shoplifting (§ 459.5) under section 1170.18, the trial court decided, as a matter of law, that a motel is not a commercial establishment.  After the trial court issued the order, our colleagues in Division Eight published *Vargas*, interpreting section 459.5 to encompass any larceny, including the cashing of a forged check at a cash-checking business.  (*Vargas*, at p. 1419.)[2]

## BACKGROUND

The May 14, 2009 complaint set forth seven felony counts against Yanez:  three counts of second degree commercial burglary (§ 459); three counts of forgery by use of a counterfeit access card (§ 484f, subd. (a))[3]; and one count of unlawful driving/taking a vehicle.  (Veh. Code, § 10851, subd. (a).)  Each commercial burglary count listed a separate commercial building:  Comfort Inn (count 2), Fedex/Kinkos (count 4), and Target (count 6).  Count 2, to which Yanez subsequently entered a plea, alleged that Yanez "did enter a commercial building occupied by COMFORT INN with the intent to commit larceny and any felony."  Each commercial burglary count was paired with a forgery count (counts 3, 5, and 7), alleging that Yanez intended "to defraud, design,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] In addition to addressing the adequacy of the record (post, the parties were asked to address:  "How do the opinion of Division One, Fourth District, *People v. Gonzales* (2015) 242 Cal.App.4th 35, petition for review filed (Dec. 15, 2015), and the opinion of the Second District, Division Eight, *People v. Vargas* (Cal. Ct. App., Jan. 19, 2016, No. B262129) 2016 WL 229432), affect appellant's eligibility for relief?"

[3] Section 484f provides in subdivision (a):  "Every person who, with the intent to defraud, designs, makes, alters, or embosses a counterfeit access card or utters or otherwise attempts to use a counterfeit access card is guilty of forgery."

2

make, alter and emboss a counterfeit access card and utter and otherwise attempt to use a counterfeit access card."

On July 28, 2009, Yanez entered a plea to count 2, second degree commercial burglary of Comfort Inn (§ 459) and count 3, felony forgery (§ 484f, subd. (a)).

Yanez does not provide a copy of the reporter's transcript of the plea hearing.

Upon Yanez's plea, the trial court dismissed the four other counts that had been alleged against her.

The trial court placed Yanez on formal probation for three years, with the condition that she serve 180 days in county jail, perform 120 days of community service, and pay a restitution fine of $200 (§ 1202.4, subd. (b)); the trial court imposed and stayed a parole revocation restitution fine. (§ 1202.45.)

On April 13, 2015, Yanez moved for resentencing and for reduction of the second degree commercial burglary felony to a misdemeanor. On June 24, 2015, she filed a petition for reclassification.

In a supplemental letter brief pursuant to our request for additional briefing, Yanez confirms that she did not provide any evidence in her moving papers below "as to [the] value of the innkeeper's services or what crime(s) [Yanez] intended on committing during the course of her second-degree burglary."

At the June 30, 2015 hearing, the parties focused on one issue: whether the Comfort Inn is a "commercial establishment" as set forth in section 459.5. The parties did not address whether Yanez entered the Comfort Inn "with [the] intent to commit grand or petit larceny," rather than "any felony." (§ 459.)

On June 30, 2015, the trial court denied relief, finding that the Comfort Inn "is not [a] retail establishment, it is a motel, and not within the spirit of Prop. 47."[4] Without additional comment, the trial court also denied relief as to count 4, forgery under section 484f, subdivision (a). Again, the trial court did not make any findings as to the value of

---

[4] Yanez did not seek reduction of the felony forgery conviction. (§ 484f, subd. (a).)

the theft or whether Yanez entered the Comfort Inn with the intent to commit larceny or any felony.[5]

Yanez filed a timely notice of appeal.

## DISCUSSION

Yanez contends: "The superior court erroneously concluded that a motel is not a commercial establishment for purposes of the newly enacted Penal Code section 459.5."[6] (Capitalization omitted.)

When Yanez entered her plea on July 28, 2009, her plea was to the offense of second degree burglary. Burglary is the entry of any building "with intent to commit grand or petit larceny or any felony . . . ." (§ 459.) A burglary is second degree burglary when that building is not "inhabited." (§ 460, subd. (b).) Yanez sought to have the second degree burglary reduced to shoplifting; section 459.5 defines shoplifting "as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary."

A significant distinction between burglary and shoplifting is the intent set forth. While shoplifting (§ 459.5) requires the intent to commit larceny, burglary is more

[5] Not having reached the threshold factual issues, the trial court did not determine whether Yanez poses an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b).)

[6] California voters approved Proposition 47, the Safe Neighborhoods and Schools Act, at the November 4, 2014 general election, and it became effective the next day. "An initiative statute or referendum approved by a majority of votes thereon takes effect the day after the election unless the measure provides otherwise." (Cal. Const., art. II, § 10, subd. (a).) Proposition 47 makes certain drug and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. Along with several other Penal Code sections, the proposition added section 459.5 (shoplifting). (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4–14, pp. 70–74; *People v. Shabazz* (2015) 237 Cal.App.4th 303, 308; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)

expansive, including the intent to commit either larceny or some other felony (§ 459). The record does not indicate whether, when Yanez originally entered her plea, the basis for the conviction was her intent to commit larceny or any felony. (§ 459.)

Another significant difference between shoplifting and burglary, of course, is the value of the theft. Yanez admits that she did not provide any evidence of the value of the loss to Comfort Inn. In her supplemental brief, Yanez states only that the probation officer's report sets forth that Comfort Inn was "'paid for the use of [the] room and did not suffer a loss.'"[7]

In the trial court, Yanez had the burden to show that she committed a theft valued at under $950. (See *People v. Sherow* (2015) 239 Cal.App.4th 875, 879–880.) Yanez did not carry this burden; she provided nothing in her moving papers to show the financial loss to Comfort Inn. While such may be inferred from the use of the fake credit card, Yanez provided nothing to show that her plea was based on the fact that she entered the Comfort Inn to commit larceny, rather than any felony.

At the section 1170.18 hearing, Yanez did not address these factual issues. Indeed, there was no discussion at the hearing as to amount charged to the stolen credit card or whether Yanez entered the Comfort Inn to commit larceny or any felony. Having made a threshold determination that a motel is not a commercial establishment, the trial court did not reach the factual issue of the monetary value of the theft or even whether Yanez entered the Comfort Inn to commit larceny or any felony.

Although Yanez did not support her factual burden, we remand the matter as *Vargas*, *supra*, 243 Cal.App.4th 1416, published after the trial court issued its order,

<hr>

[7] In addition to addressing new case law, the parties were requested to address this question: "Does the record reflect any facts establishing eligibility for relief under . . . section 1170.18? Where, if at all in the record, is the evidence that the July 28, 2009 plea to count [2], second degree burglary ( . . . § 459), was a plea to having entered the Comfort Inn 'with the intent to commit to commit grand or petit larceny,' rather than 'any felony'? Where, if at all in the record, is the evidence that the July 28, 2009 plea to Count [2] set forth the value of the innkeeper services as under $950?"

establishes that section 459.5 is not limited to a retail establishment where retails goods are on display, but includes any commercial establishment. (*Vargas*, at p. 1420.)[8]

Section 459.5 does not define "commercial establishment," but, as set forth in *Vargas*, *supra*, 243 Cal.App.4th 1416, it is clear that the voters of the State of California intended to include nonviolent thefts of less than $950 within the coverage of Proposition 47. "[T]he initiative was designed to 'ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K–12 schools, victim services, and mental health and drug treatment.' (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 47, § 2, p. 70.) To achieve that end, the measure '[r]equire[s] misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession . . . .' (*Ibid.*) [Vargas]'s second degree burglary conviction based on using a forged check to obtain $148 is unquestionably a nonviolent offense, so reducing it to a misdemeanor certainly serves the purposes behind Proposition 47. We are confident the voters would agree, given Proposition 47 also reduced the offense of forgery involving less than $950 from a wobbler to a straight misdemeanor. (§ 473, subd. (b).)" (*Vargas*, at p. 1427.)

---

[8] Division One of the Fourth District, *People v. Gonzales*, *supra*, 242 Cal.App.4th 35, 37, review granted February 17, 2016, S231171, held that the cashing of forged checks at a bank during regular business hours did not fit the definition of shoplifting under section 459.5. We also acknowledge that the California Supreme Court granted review in two cases in which Division Six of our District and Division Three of the Fourth District held that the felony of fraudulently acquired access card information (§ 484e, subd. (d)) could not be reduced to a section 490.2 petty theft misdemeanor because the appellant did not take "money, labor or property." (*People v. Grayson* (2015) 241 Cal.App.4th 454, 460, review granted Jan. 20, 2016, S231757 [Second Dist., Div. Six]; *People v. Cuen* (2015) 241 Cal.App.4th 1227, 1231, review granted Jan. 20, 2016, S231107 [Fourth Dist., Div. Three].) We further acknowledge that the California Supreme Court has granted review in a case in which Division Eight of our District held that the felony of fraudulently acquired access card information could be reduced to a misdemeanor. (*People v. Romanowski* (2015) 242 Cal.App.4th 151, 154, review granted Jan. 20, 2016, S231405.)

## DISPOSITION

The order is reversed. The trial court is directed to conduct a new hearing in light of *People v. Vargas* (2016) 243 Cal.App.4th 1416, after allowing the parties to present evidence as to: (1)(a) Whether the original plea to second degree burglary under Penal Code section 459 was based on the intent to commit larceny or any felony; (b) Whether the financial loss to Comfort Inn exceeds $950; and, if it does not, (2) Whether resentencing Heather Ann Yanez would pose an unreasonable risk of danger to public safety.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


CHANEY, Acting P. J.


LUI, J.

7