Filed 3/23/16  P. v. White CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>JAMES WHITE,<br><br>　　　　Defendant and Appellant. | B264668<br><br>(Los Angeles County<br>Super. Ct. No. KA097117) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Steven P. Sanora, Judge.  Reversed and remanded.

　　　　Benjamin P. Lechman, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

**INTRODUCTION**

Appellant James White pleaded guilty to grand theft after he stole a necklace in 2012. The early disposition report by the probation officer stated that the necklace was worth about $350. The People expressly stipulated to the facts in the early disposition report when it accepted White's plea.

In 2015, White sought to have his conviction reclassified as a misdemeanor under Proposition 47. The trial court denied the request on erroneous legal grounds. Respondent Attorney General agrees the trial court erred, but argues that the case must be remanded so the trial court can make a factual finding as to the value of the necklace.

No additional factual finding is necessary. White met his prima facie burden to show that the necklace was valued at about $350, and the People have stipulated to that fact. Respondent offers no indication that the value of the necklace is in dispute. Because eligibility for reclassification under Proposition 47 is evident in the record, there is no need for an additional factual finding on remand. We therefore reverse with directions to the trial court to grant White's petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

The People filed a two-count complaint against White on March 2, 2012. The complaint alleged that on February 29, 2012, White committed robbery by taking personal property by force or fear (count 1, Penal Code section 211,[1] a felony) and that White disobeyed a domestic relations court order (count 2, section 273.6, subdivision (a), a misdemeanor).

A probation officer's early disposition report states, "The victim is the defendant's mother, and she has an active restraining order against him . . . . On 02/29/2012, the defendant demanded money from the victim. When she refused to give him the money, he snatched a chain from her neck, and left the location." The early disposition report also says, "On 03/06/12, at approximately 12 noon, by phone, the probation officer spoke

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

with the victim. Mrs. White stated the defendant stole her gold chain is [sic] valued at approximately $350."

As part of a plea deal, the prosecution moved to amend the complaint to add count 3 for grand theft (section 487, subdivision (c) [defining grand theft "[w]hen the property is taken from the person of another"], a felony). Defendant pleaded guilty to count 2 (violation of the restraining order) and count 3 (grand theft). Count 1 (robbery) was dismissed.

The following colloquy occurred at the hearing in which White pleaded guilty: "[Prosecutor]: Does counsel join in the waivers, concur in the plea, and stipulate to a factual basis based on the police report and the early disposition report? [White's counsel]: Agreed. [Prosecutor]: Thank you. People join." White was sentenced to 257 days, given 257 days credit, and referred to a drug rehabilitation program.

On June 2, 2015, White filed a petition to reclassify his section 487(c) conviction to a misdemeanor under Proposition 47. Proposition 47 added section 490.2 to the Penal Code. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091 (*Rivera*).) Section 490.2 states in part, "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." White's petition stated that he was convicted of grand theft under section 487, subdivision (c), and "[p]er probation report, defendant stole a necklace worth approximately $350."

The trial court denied White's request the following day. The court reasoned, "It's denied by the court's continued reading of 487(c). It does not -- it says or does not have the money requirement." White's counsel pointed out that the probate report said the necklace was worth approximately $350, and under section 490.2, "that makes this . . . a petty theft." The court rejected counsel's argument: "Penal Code section 487(c) still exists as a felony per the Penal Code. Also the jury instructions for this says that the

3

amount does not matter.  For that reason, it's denied."  The court terminated White's probation the same day.

## DISCUSSION

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which went into effect the next day.  (*Rivera*, *supra*, 233 Cal.App.4th at p. 1089.)  "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants."  (*Id*. at p. 1091.)  Under Proposition 47, "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors."  (§ 1170.18, subd. (f).)

As noted above, Proposition 47 added section 490.2 to the Penal Code.  That statute holds that convictions for grand theft of personal property valued at less than $950 "shall be considered petty theft and shall be punished as a misdemeanor."  (§ 490.2.)  White's conviction for grand theft therefore falls under section 490.2 as long as the necklace was valued at less than $950.

The parties agree the trial court erred by relying on the definition of grand theft as a felony under section 487, subdivision (c).  Section 490.2 expressly states that the definitions of grand theft in section 487 do not apply under the circumstances relevant here.  (§ 490.2 ["*Notwithstanding Section 487* or any other provision of law defining grand theft . . . ] [emphasis added].)  The court therefore failed to account for the change in law effected by section 490.2.

Respondent Attorney General agrees that the trial court's interpretation of the law was erroneous.  It argues, however, that the case must be remanded for a factual determination by the trial court of the value of the necklace.  White disagrees, arguing

4

that his guilty plea and the People's stipulation to the facts in the early disposition report make any such hearing unnecessary.  We agree with White.

Section 1170.18, subdivision (h) states, "Unless requested by the applicant, no hearing is necessary to grant or deny an application filed under subsection (f)."[2]  Here, White made a prima facie showing that he pleaded guilty to grand theft and that the value of the property taken was approximately $350.  The People stipulated to the factual basis for the plea "based on the police report and the early disposition report," which states that the value of the necklace is approximately $350.  No additional hearing is necessary for the court to determine that White was eligible for reclassification under section 490.2.

We recognize that when eligibility or lack of eligibility is not immediately apparent, the court may need to conduct a hearing and make relevant factual findings. (See, e.g., *People v. Sherow* (2015) 239 Cal.App.4th 875, 880 [where the petition provided insufficient information to determine the defendant's eligibility for resentencing under section 1170.18, subd. (a), the matter was remanded to allow defendant **to** establish the relevant facts]; *People v. Contreras* (2015) 237 Cal.App.4th 868, 892 [where the record contained no information about the value of the property taken, a determination of value was "a factual finding that must be made by the trial court in the first instance"].) When a prima facie showing of eligibility has been made, on the other hand, a hearing is required only "where the district attorney seeks to establish . . . that a theft crime involved more than $950." (Couzens & Bigelow, Proposition 47:  "The Safe Neighborhoods and Schools Act" (February 2016) p. 73.)  Respondent presents no indication that the People have a factual or legal basis for revoking their stipulation that

---

[2] It is arguable that when he filed his petition, White fell under section 1170.18, subdivision (a), as a "person currently serving a sentence for a conviction," because he was still on probation.  (See, e.g., *People v. Shabazz* (2015) 237 Cal.App.4th 303, 310.) Because the trial court terminated his probation the same day, however, subdivision (f) applies because White "has completed his or her sentence for a conviction."  (§ 1170.18, subd. (f).)

the necklace White took was valued at approximately $350. No additional hearing is required.

## DISPOSITION

The order of the trial court is reversed, and the case is remanded with directions to grant White's application for reclassification of his conviction.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:


WILLHITE, Acting P. J.


MANELLA, J.