Filed 6/1/16  P. v. Rowland CA2/7

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICHARD ROWLAND,<br><br>    Defendant and Appellant. | B263543<br><br>(Los Angeles County<br>Super. Ct. No. VA137088) |

APPEAL from an order of the Superior Court of Los Angeles County, Yvonne T. Sanchez, Judge.  Affirmed.

David Blake Chatfield, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Richard Rowland petitioned on March 23, 2015 to recall his current felony sentence for violating Health and Safety Code section 11377, subdivision (a), possession of a controlled substance, to request resentencing as a misdemeanor under Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18).[1]  On April 9, 2015 the trial court denied the petition, finding Rowland was ineligible for resentencing under Proposition 47.  Rowland filed a timely notice of appeal.

We appointed counsel to represent Rowland on appeal.  After examination of the record, counsel filed an opening brief in which no issues were raised.  On February 16, 2016 we advised Rowland he had 30 days within which to submit any contentions or issues he wished us to consider.  On March 7, 2016 the notice was returned by the Folsom State Prison marked "Return To Sender.  Not Deliverable As Addressed.  Unable To Forward."  Notations on the returned envelope indicate Rowland may have been released on PRCS (post-release community supervision).[2]

Proposition 47 requires a misdemeanor sentence instead of a felony sentence for certain drug possession offenses and for petty theft, receiving stolen property and forging/writing bad checks when the amount involved is $950 or less and requires resentencing for defendants currently serving felony sentences for the specified crimes unless the trial court finds an unreasonable public safety risk.  (See *People v. Shabazz* (2015) 237 Cal.App.4th 303, 308 & fn. 2.)

Section 1170.18, subdivision (i), however, provides that persons previously convicted of any of the offenses listed in section 667, subdivision (e)(2)(C)(iv), sometimes called "super strikes," or for an offense requiring registration as a sex offender

---

[1]     All further statutory references are to this code.

[2]     When we appointed appellate counsel for Rowland, we directed Rowland "to keep the court informed of his/her mailing address at all times.  If you move, you MUST notify the clerk of this court immediately; otherwise you may not receive important notices concerning your appeal."  Rowland has not provided any information regarding his current address after his apparent release from the Folsom State Prison.

under section 290 are not eligible for resentencing. Among the "super strike" offenses is attempted murder (§§ 187, 664). (See § 667, subd. (e)(2)(C)(iv)(IV).) Rowland was convicted of attempted murder in June 1994.[3] Accordingly, the trial court correctly concluded he was ineligible for resentencing under Proposition 47.

We have examined the entire record and are satisfied Rowland's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The order is affirmed.


PERLUSS, P. J.


We concur:


ZELON, J.


BLUMENFELD, J.[*]

---

[3] Rowland, who completed the form Proposition 47 petition without the assistance of counsel, failed to list his prior felony convictions, as required, and declared, under penalty of perjury, that "none of my prior convictions disqualify me from eligibility for the ruling sought."

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.