Filed 6/20/16  P. v. Ford CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PATRICK DARNELL FORD,<br><br>    Defendant and Appellant. | 2d Crim. No. B271070<br>(Super. Ct. No. F416060)<br>(San Luis Obispo County) |

Patrick Darnell Ford appeals a January 12, 2016 order denying his petition to designate his felony convictions as misdemeanor convictions pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18).[1]  In 2011, appellant was convicted by plea of possessing marijuana for sale (Health & Saf. Code, § 11359) and possessing a controlled substance in a prison or jail (§ 4573.6) with a prior prison term enhancement (§ 667.5, subd. (b)).  The trial court sentenced appellant to nine years state prison.

On November 9, 2015, appellant petitioned to have his felony convictions designated as misdemeanor convictions.  (Pen. Code, § 1170.18. subd. (a).)  Denying the petition, the trial court found that the felony convictions rendered appellant ineligible for Proposition 47 relief.  (Pen. Code, § 1170.18, subds. (a) & (b).)

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

We appointed counsel to represent appellant in this appeal. After counsel's examination of the record, he filed an opening brief in which no issues were raised.

On May 18, 2016, we advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider. On June 10, 2016 appellant submitted a letter brief stating that a conviction for simple possession of marijuana qualifies for Proposition 47 relief. Appellant, however, was convicted of possession of an illegal substance in a prison or jail facility (§ 4573.6) and possession of marijuana for sale (Health & Saf. Code, § 11359), felony offenses that render appellant ineligible for Proposition 47 resentencing. (See § 1170.18, subd. (a); *People v. Shabazz* (2015) 237 Cal.App.4th 303, 308 [enumerating those crimes within the purview of Proposition 47].)

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The order denying appellant's petition to reclassify his felony convictions as misdemeanors is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.


2

Dodie A. Harman, Judge

Superior Court County of San Luis Obispo

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.