Filed 9/26/16  P. v. Roberson CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CARLOS R. ROBERSON,<br><br>    Defendant and Appellant. | B262682<br><br>(Los Angeles County<br>Super. Ct. No. LA027670) |

APPEAL from an order of the Superior Court of Los Angeles County. William C. Ryan, Judge.  Affirmed.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill and Blythe J. Leszkay, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Carlos R. Roberson appeals from the postjudgment order denying his petition to recall his sentence and for resentencing pursuant to Penal Code section 1170.126,[1] added by Proposition 36 (or Three Strikes Reform Act).[2] He contends the Proposition 36 court erred in denying his petition, because such denial is contrary to the Act's presumption in favor of resentencing; it violates his constitutional right to due process; and the court failed to apply the definition of "unreasonable risk of danger to public safety" in Proposition 47.

We affirm the order. Proposition 36 contains no presumption in favor of resentencing and does not implicate any due process concerns. Proposition 47's definition of "unreasonable risk of danger to public safety" has no bearing on the Proposition 36 finding of dangerousness. The Proposition 36 court's finding of dangerousness is reviewed for abuse of discretion, and no abuse occurred.

## BACKGROUND

At trial, the evidence established: On June 25, 1997, a parked Toyota minivan was stolen. On June 30, 1997, a police officer observed defendant driving the stolen vehicle. He and another officer followed defendant, each activating his respective vehicle's lights and sirens. After entering the San Bernardino Freeway, defendant led the officers, who were joined by two California Highway Patrol (CHP) vehicles, on a high-speed chase along two freeways and surface streets for a distance of 48 miles. During the chase, he caused four to six rear-end collisions on a freeway, sideswiped a car at an on-ramp to another, ran a red light, and collided with a truck in the San Fernando Valley.

---

[1]     All further section references are to the Penal Code unless otherwise indicated.

[2]     "On November 6, 2012, the electorate passed Proposition 36, the Three Strikes Reform Act of 2012 . . . . Proposition 36 reduced the punishment to be imposed with respect to some third strike offenses that are neither serious nor violent, and provided for discretionary resentencing in some cases in which third strike sentences were imposed with respect to felonies that are neither serious nor violent." (*People v. Johnson* (2015) 61 Cal.4th 674, 679 (*Johnson*).) Proposition 36 was effective on November 7, 2012. (*Id.* at p. 680.)

Defendant crashed the minivan into a tree and was ejected from the vehicle. He then fled on foot. When a CHP officer caught up to him, a struggle ensued during which defendant tried to grab the officer's gun; the gun discharged; and defendant was struck in the hip before being subdued. On his vehicle floor were screwdrivers and a crowbar.

The trial court convicted defendant of unlawful driving or taking of a vehicle and evading an officer (Veh. Code, §§ 10851, subd. (a), 2800.2, subd. (a)). The court also found true the allegations he had sustained three prior serious felony convictions that qualified as strikes under the Three Strikes law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)). He was sentenced to prison for 25 years to life as a third striker.

On appeal, defendant contended the trial court abused its discretion in denying his request to vacate two of the prior convictions and sentence him as a second strike defendant. Respondent contended the judgment must be modified to impose a parole revocation fine. We modified the judgment to reflect the imposition of a suspended parole revocation fine (§ 1202.45), and as so modified, we affirmed the judgment.[3]

In December 2012, defendant filed a petition to recall his sentence and for resentencing pursuant to section 1170.126.

In January 2013, the Proposition 36 court issued an order to show cause. In September 2013, the People filed opposition, alleging defendant was unsuitable for resentencing because he would then pose an unreasonable risk of danger to public safety. In February 2014, defendant filed a reply.

On October 8, 2014, a hearing was held on defendant's suitability for resentencing.

On November 4, 2014, California voters approved Proposition 47, an initiative measure, which took effect November 5, 2014. (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.)

---

[3]     The above background is taken from the earlier unpublished opinion (B127768), of which we take judicial notice. (Evid. Code, §§ 452, subd. (d)(1), 459.)

On November 12, 2014, the Proposition 36 court ordered supplemental briefing on whether Proposition 47's definition of "unreasonable risk of danger to public safety" was applicable to determining suitability for resentencing, because such definition "potentially would be more favorable to Proposition 36 petitioners."

On December 15, 2014, both sides filed their respective briefs, and the court took the matter under submission.

On January 23, 2015, the Proposition 36 court issued its memorandum of decision. As a housekeeping matter, the court noted that on December 16, 2014, a Court of Appeal concluded the Proposition 47 danger definition was inapplicable to Proposition 36 petitions. The court concluded this appellate court opinion rendered moot the parties' supplemental briefing on the same issue. The court found resentencing defendant at that time would pose an unreasonable risk of danger to public safety (§1170.126, subd. (f)) and exercised its discretion not to resentence defendant. The court then discharged its order to show cause and denied the petition.

## DISCUSSION

1. *Proposition 47 Definition of Danger Is Inapplicable to Proposition 36*

Initially, we point out that on February 18, 2015, our Supreme Court granted review in *People v. Valencia* (S223825), formerly (2014) 232 Cal.App.4th 514 (*Valencia*), the appellate court case relied on by the Proposition 36 court as conclusive authority that Proposition 47's danger definition is inapplicable to Proposition 36 petitions. *Valencia* therefore is deemed depublished and uncitable as authority pursuant to this grant of review.[4] The applicability of Proposition 47's danger definition in the Proposition 36 context is pending before that Court in both *Valencia*, *supra*, S223825, and *People v. Chaney* (S223676), formerly (2014) 231 Cal.App.4th 1391 (*Chaney*).[5]

---

[4]     This is no longer correct as to grants of review filed on or after July 1, 2016. (Cal. Rules of Court, rules 8.1105, 8.1115, amended effective Jul. 1, 2016.)

[5]     In its brief, respondent stated in *People v. Valdez* the Court of Appeal held Proposition 47's definition should apply to Proposition 36 cases. On July 13, 2016, our

4

In view of the posture of this issue, we shall not belabor the point but simply conclude, as did the court in *People v. Esparza* (2015) 242 Cal.App.4th 726 (*Esparza*), that the voters in enacting Proposition 47 did not intend for its definition of danger to extend to petitions under Proposition 36, and thus such definition is inapplicable here.

Pursuant to Proposition 36, an inmate, otherwise eligible for resentencing, "shall be resentenced [as a second striker] unless the court, in its discretion, determines that resentencing . . . would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)  Proposition 47 provides:  "*As used throughout this Code*, 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667."[6]  (§ 1170.18, subd. (c), italics added.)

In *Esparza*, the court explained:  "Plainly, if considered solely as a matter of grammatical construction, Proposition 47's definition of 'unreasonable risk of danger to public safety' undoubtedly is tied to the words 'As used throughout this Code.' However, such a literal construction is not to be adopted if it conflicts with the voters' intent shown in the official ballot pamphlet.  [Citations.]  Nothing in the official ballot pamphlet for Proposition 47 hints at any impact on the procedure for resentencing three strikes inmates." (*Esparza*, *supra*, 242 Cal.App.4th 726 at p. 736.)  The court found

Supreme Court denied the People's petition for review but, at the request of the Court of Appeal, granted review on its own motion and transferred the cause to the appellate court "with directions to vacate its decision and to reconsider the cause, including the People's motion to abate the proceedings in light of the defendant's death [citations], as that Court sees fit."  (*People v. Valdez* (2016) 246 Cal.App.4th 1410, revd. with directions, including to vacate the decision, S235048.)

[6]      "These prior convictions are sometimes referred to as 'super strikes.'  [Citation.]" (*Johnson*, *supra*, 61 Cal.4th 674, 682.)

defendant failed to satisfy his burden to show a contrary intent on the part of the electorate.[7] (*Id*. at p. 737.)  Defendant here also fails to meet this burden.

2. *Proposition 36 Does Not Implicate Federal or State Constitutional Due Process*

Defendant contends he has a liberty interest in resentencing under Proposition 36 protected under the federal guarantee of due process of law (U.S. Const., 5th & 14th Amends.) and the comparable but broader state guarantee of due process of law (Cal. Const., art. 1, §§ 7, subd. (a), 15).  He argues "[s]ection 1170.126 is analogous to the liberty interest recognized in" in the two cases involving "a federal due process liberty interest in the release from prison on parole," i.e., *Greenholtz v. Nebraska Penal Inmates* (1979) 442 U.S. 1 (*Greenholtz*) and *Board of Pardons v. Allen* (1987) 482 U.S. 369 (*Board of Pardons*).)  Further, he points out under the California Constitution, our Supreme Court has held "when an individual is subjected to deprivatory governmental action, he always has a due process liberty interest both in fair and unprejudiced decision-making and in being treated with respect and dignity," quoting from *People v. Ramirez* (1979) 25 Cal.3d 260, 267.  To protect such interest, he posits when a resentencing

---

[7]     No petition for review was filed or review granted in *Esparza*, which came from the Sixth District appellate court.  In a subsequent Sixth District case, the majority noted *Esparza* was the only extant decision on this issue and rejected its conclusion.  (*People v. Cordova* (2016) 248 Cal.App.4th 543, 552, fn. 8, review granted Aug. 31, 2016, S236179 (*Cordova*).)  The majority held, instead, the language "throughout this Code" in Proposition 47's definition of "unreasonable risk of danger to public safety" necessarily signifies that definition applies to Proposition 36 petitions.  (*Id*. at p. 552.)  In his dissenting opinion, Justice Premo rejected the majority's holding and readopted *Esparza*'s that "Proposition 47's definition of 'an unreasonable risk of danger to public safety' is inapplicable to Proposition 36."  He explained the words "throughout this Code" were merely the product of "a drafting error that must be judicially corrected." (*Cordova*, at pp. 592-593, fn. omitted.)

In granting review in *Cordova*, the Court deferred further action pending resolution of a related issue in *Chaney*, *supra*, S223676, and *Valencia*, *supra*, S223825. We decline to consider the *Cordova* majority opinion persuasive on this point. (See Cal. Rules of Court, rules 8.1105, 8.1115, amended effective Jul. 1, 2016.)

petition is denied, "there must be a rational nexus between the inmate's record and the court's conclusion of dangerousness."

We are not persuaded by defendant's claim of a constitutional liberty interest in resentencing under Proposition 36. First, his analogy of section 1170.126, subdivisions (e) and (f) to the provisions of the Nebraska parole statute in *Greenholtz* and the provisions of the Montana parole statute in *Board of Pardons* is the equivalent of the proverbial comparison of apples with oranges. Second, the denial of a Proposition 36 petition for resentencing is not the equivalent of a "deprivatory governmental action." Rather, the reduction of a third strike sentence to that of a second strike is an act of lenity. In denying a petition for such reduction, the state is not depriving defendant of anything, because this court already in his earlier appeal affirmed his third strike sentence.

We have no quarrel with his proposition that there must exist a rational nexus between an inmate's record and the Proposition 36 court's finding of dangerousness. This is simply defendant's prelude to discussing the applicable standard of review. As defendant proceeds in his argument, he urges "[w]hen a court denies relief under section 1170.126, the decision is reviewed for an abuse of discretion"; "[i]f the trial court's factual findings are not supported by substantial evidence, they cannot form the basis of an unreasonable risk determination"; and "determinations of law are independently reviewed, such as the interpretation and construction of statutory language." These are all correct statements of law, but it does not follow that these legal principles apply only because defendant has a liberty interest protected by due process in resentencing under section 1170.126.

3. *Proposition 36 Does Not Involve Presumption Favoring Resentencing*

Defendant contends Proposition 36, also known as the Three Strikes Reform Act, created the presumption a life term for a third striker would be reduced to a second strike sentence whenever the third strike is not for a violent or serious felony. An argument along this vein already has been rejected in several appellate decisions as unsupported by pertinent legal authority or compelled by the text of subdivision (f) of section 1170.126 itself. (*Cordova*, *supra*, 248 Cal.App.4th 543, 585-587; *Esparza*, *supra*, 242 Cal.App.4th

7

726, 738-739.)  Defendant has provided no applicable argument or persuasive authority for revisiting these conclusions.  We therefore reject his contention as meritless.

4. *Denial of Proposition 36 Petition Is Not Abuse of Discretion*

Defendant contends in denying his resentencing petition, the Proposition 36 court applied the wrong standard, i.e., that applicable to granting parole to life prisoners convicted of murder.  He alternatively contends even if the standard were correct, he met that standard.  We find both contentions to be without merit.

Pursuant to Proposition 36, if the petitioner is otherwise eligible for resentencing, he "shall be resentenced . . . unless the court, in its discretion, determines that resentencing [him] would pose an unreasonable risk of danger to public safety." (§1170.126, subd. (f).)  "In exercising its discretion in subdivision (f), the court may consider:  [¶] (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes; [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety."  (§ 1170.126, subd. (g).)

The exercise of discretion by the Proposition 36 court "'must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. [Citations.]'  [Citation.]" (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124-1125.)  The "court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it."  (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

No abuse of discretion transpired.  The Proposition 36 court did not abuse its discretion in assessing his "criminal conviction history" and his "disciplinary record and record of rehabilitation while in incarcerated" (§1170.126, subd. (g)).  In *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, the court concluded, "A trial court's decision to refuse to resentence a prisoner, based on a finding of dangerousness, is somewhat akin to a decision denying an inmate parole."  (*Id*. at p. 1306, fn. 29.)  Mindful

8

of this authority, the Proposition 36 court took into account, among other matters, suitability and unsuitability factors that the Board of Prison Terms considers in determining whether an inmate is suitable for release on parole. The court concluded because "[t[he task of the court here, like the Board, is to consider whether the evidence supports the ultimate conclusion that the inmate currently poses an unreasonable risk of danger to public safety if resentenced . . . [t]here is no logical reason why the analysis should be any different . . . from the analysis that the Board uses to determine suitability."

Further, the court stated, "In making this determination, the parole cases draw a distinction between immutable or static factors, such as the circumstance of the life crime and the inmate's prior criminal record, and mutable or dynamic factors, such as insight into the causes of criminality, remorse, behavior in prison, rehabilitative programming and current age." Citing *In re Lawrence* (2008) 44 Cal.4th 1181, 1219-1220, the court noted "[t]he immutable factors tend, over time and in the face of substantial rehabilitative programming, to be decreasingly predictive of *current* dangerousness" while "changes in an inmate's maturity, understanding, and mental state are 'highly probative' of current dangerousness."

The court reasoned: A Proposition 36 "court may properly deny resentencing . . . based solely on immutable facts such as a petitioner's criminal history only if those facts support the ultimate conclusion that an inmate continues to pose an unreasonable risk to public safety" and "[t]he relevant inquiry is whether a petitioner's prior criminal history and/or disciplinary history, and other relevant evidence, when considered in light of other facts in the record, are such that they continue to be predictive of current dangerousness many years later. This inquiry is an individualized one, and cannot be undertaken simply by examining the circumstances of the petitioner's criminal history in isolation, without consideration of the passage of time or the attendant changes in the inmate's psychological or mental attitude."

Additionally, based on our review of the record, we conclude the factual underpinnings of the Proposition 36 court's conclusion that defendant would pose an

unreasonable risk to public safety if resentenced are supported by substantial evidence and that the court's exercise of its discretion not to resentence defendant is not an abuse.

In its memorandum of decision, the Proposition 36 court recounted the evidence presented at the suitability hearing: defendant's criminal history and strikes, the circumstances of his commitment offense, his disciplinary history and rehabilitative programming, and the testimony of Richard Subia, a defense expert, regarding defendant's classification score, disciplinary history, and the availability of rehabilitative programming for life inmates.

After setting forth the evidence in some detail, the court found: "Taken as a whole, this evidence more than amply demonstrates that [defendant], if resentenced, would pose an unreasonable risk of danger to public safety. His current commitment was a very dangerous pursuit in which he was in numerous collisions, [he] would not stop and when apprehended fought with the police and tried to get the officer's gun, causing it to discharge. Once in prison, he engaged in numerous serious rules violations including many that involved physical violence. The last violent 115 was in 2013 and the last 115 he received was in July 2014. Years of incarceration have done little to stem his rule-breaking behavior and call into question his ability to comply with terms of supervision or avoid law-breaking behavior if released. The lack of relevant rehabilitative programming also enhances his risk to public safety. The Court has considered the fact that he has obtained his GED and his some vocational training but these do not outweigh the negative factors."

DISPOSITION

The order appealed from is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.         CHAVEZ, J.

10