Filed 6/6/22 P. v. Payne CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RANDY LYNN PAYNE,<br><br>    Defendant and Appellant. | C095169<br><br>(Super. Ct. No. STKCRFE19930010375) |

Appointed counsel for defendant Randy Lynn Payne filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) After examining the record, we find no arguable error that would result in a disposition more favorable to defendant and affirm.

## I.  BACKGROUND

In January 1994, defendant resolved San Joaquin County case Nos. SF060824, SF060587, and SF060848 under a global plea agreement. He pled guilty to three counts

1

of second degree burglary under Penal Code section 459 in exchange for a stipulated concurrent term of three years for each count and dismissal of any remaining counts in case Nos. SF060824 and SF060587, and dismissal of case No. SF060848.[1]  The prosecutor stated the following factual bases for defendant's pleas:

On November 29, 1993, at approximately 11:30 p.m. officers responding to a burglary alarm found defendant inside the Valley Electric business in Stockton, and, according to the manager, defendant did not have permission or consent to be in the building, which had been locked on that same day at approximately 5:00 or 6:00 p.m. Further investigation revealed that various items were removed, or moved from one area to another, and there was a broken window in one of the bathrooms and a gate that apparently had been used as a point of entry.

On December 16, 1993, at approximately 10:10 p.m. officers responded to a possible burglary in progress at the D & L Mowers business, and a witness saw defendant enter the business several times and remove various tools, including a chainsaw, weed eater, toolbox, and other tools.  The business owner indicated the building had been forcefully entered and that defendant, who was unknown to him, had no permission to enter the building or take the missing items.

On January 19,[2] at approximately 3:00 p.m. a witness found defendant inside her son's unattached garage at his home in Stockton, which her son had locked before leaving on business; defendant was sitting in a car inside the garage rummaging through the glove compartment.  He did not have permission to enter the garage or take anything from it.  When the son returned home, he found various items moved from a closet inside his garage.

---

[1]  Further undesignated statutory references are to the Penal Code.

[2]  The prosecutor inadvertently omitted the exact date when this burglary occurred, but the complaint alleges it occurred on December 19, 1993.

Immediately after accepting defendant's guilty pleas, the court sentenced defendant to a stipulated concurrent three-year term for each felony burglary.

On November 4, 2014, 20 years after defendant was sentenced, California voters approved the Safe Neighborhoods and Schools Act (Proposition 47), which reclassified certain drug- and theft-related felony offenses as misdemeanors, and added a new misdemeanor shoplifting statute (§ 459.5).[3] (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 also added section 1170.18, which provided a procedure for persons who had completed their felony sentences who would have been guilty of a misdemeanor had Proposition 47 been in effect at the time of the crime to apply to have the trial court redesignate the felony conviction as a misdemeanor. (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 313-314.)

In September 2021, defendant filed a petition under section 1170.18. The following month, in October 2021, the trial court held a hearing on the petition. Although the prosecutor was present, neither defendant nor defense counsel attended the hearing. After reviewing the plea transcript, and in particular the factual bases for defendant's guilty pleas, the prosecutor argued that none of the burglaries qualified as shoplifting. The court agreed and denied the petition.

Defendant timely appealed with a certificate of probable cause.

## II. DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to

---

[3] Section 459.5 provides in relevant part: "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with the intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary." (§ 459.5, subd. (a).)

determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having examined the record, we find no arguable error that would result in a disposition more favorable to defendant.

### III.  DISPOSITION

The order denying defendant's section 1170.18 motion is affirmed.


/S/

_____

RENNER, J.


We concur:

/S/

_____

ROBIE, Acting P. J.


/S/

_____

KRAUSE, J.